IN THE MATTER OF THE PETITION OF CLARA M. PEUGNET TO VACATE AN ASSESSMENT.

A certificate of the absence of fraud given in pursuance of, and by the commissioners appointed by the "act in relation to certain local improvements in the city of New York" (chap. 580, Laws of 1872), cures any irregularities and defects in the proceedings of the common council in passing the ordinances, and any omission to advertise the same, and validates an assessment for repaving a street in the city of New York, upon property for which an assessment has been paid for paving, where the work was done after the passage of said act and prior to the passage of the amendatory act of 1874 (chap. 313, Laws of 1874).

The provision of section 7 of said act of 1872, exempting from the effects of such certificate assessments for repaving, only saved the right to have an assessment vacated, for any irregularity or omission to advertise, to persons assessed for a repaving already completed at the time of the passage of the act, or then being done; the amendment of this section by the act of 1874 extending the benefits of this saving clause to those assessed "for work thereafter made, done or performed" took effect only from the time of its incorporation into the original section, and had no retroactive effect.

An ordinance authorizing the repaving of a street was passed April 29, 1871, an assessment for the work was confirmed January 30, 1874, before the passage of said amendatory act. In a petition presented on application to vacate the assessment it did not affirmatively appear, nor was there any thing shown from which it could be reasonably inferred, that the work was in progress on May 7, 1872, the date of the passage of the original act; the requisite certificate was given by the commissioners. *Held*, that an order vacating the assessment was error.

As to whether the exception in said section was not confined to cases where the contracts had not been passed upon by the commissioners and declared free of fraud, *quære*.

*In re Astor* (53 N. Y., 617) distinguished.

Where a record on appeal to this court shows no error the court has no power to grant a new trial or rehearing.

A rehearing upon a motion or summary application can only be granted on reversal of an order.

(Argued November 28, 1876; decided December 5, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department reversing an order of Special Term vacating an assessment upon two lots owned by the petitioner, for repaving Fortieth street, in the city of New York, from Third avenue to Madison avenue. (Reported below, 5 Hun, 434.)

The petition showed that a former assessment upon the lots for paving had been paid. The assessment in question was confirmed January 30, 1874. The ordinance authorizing the work was passed by the common council April 27, 1871. When the work was done did not appear in the petition, nor did it contain any statement in reference thereto.

The assessment was claimed to be void because the resolution authorizing the work was adopted without notice having been published as required. (§ 20, chap. 137, Laws of 1870.) It was admitted that the contract for the work was certified by the commissioners appointed by chapter 580, Laws of 1872. The contract was not produced, nor did its date appear

Further facts appear in the opinion.

*Timothy F. Neville* for the appellant. The ordinance should have been published three days in a corporation newspaper. (Laws 1870, chap. 137, § 20 ; Laws 1870, chap. 382 ; Laws 1868, chap. 853, § 1; Laws 1857, chap. 446, § 7 ; *In re Smith*, 52 N. Y., 526.) These statutes being *in pari materia*, are to be taken together as if they were one law. (*Rogers* v. *Bradshaw*, 20 J. R., 735 ; *Rexford* v. *Knight*, 15 Barb., 627 ; Smith's Com., §§ 639, 751; 1 Doug., 30 ; 1 Kent's Com.,

463; *M. and W. Tpke. Co.* v. *People*, 9 Barb., 161.) No power has been conferred upon the corporation of the city of New York to make an assessment for repaving a street. *Sharp* v. *Spier*, 4 Hill, 76; Laws 1872, chap. 580, § 7; *In re Astor*, 53 N. Y., 617.)

*Hugh L. Cole* for the respondent.

Allen, J. The order appealed from should be affirmed, the irregularities and defects in the actions of the common council of the city in passing the ordinances authorizing the work and the omission to advertise such ordinance being cured by the certificate of the commissioners appointed by chapter 580 of the Laws of 1872. That the case is within the provisions of the act and the assessment validated by it, was adjudged by the Supreme Court, and we concur in that part of the opinion of Judge Daniels in which he considers the effect of the statute upon the application. The same assessment was before us *In the Matter of Levy*,\* not reported; but the statute referred to and the action of the commissioners under it was not interposed as a defence to the application, either in the Supreme Court or in this court.

The order must be affirmed.

All concur.

Order affirmed.

Upon decision of a motion for re-argument, the following opinion was handed down:

Allen, J. The conflict between our decision in this case and that made *In re Astor* (53 N. Y., 617), is rather apparent than real. The decisions are easily reconciled when the facts of each are understood, and without disturbing the effect given in the reported case to section 7 of chapter 580 of the Laws of 1872. The statute of 1872 was passed May 7 of that year, and as interpreted in Astor's case (*supra*), saved the rights of all persons assessed for a repaving then already completed,

\* 63 N. Y., 637.

or then being done, to relief, and to have the same vacated for any omission to advertise the ordinances providing for the work pursuant to law, or other irregularity, notwithstanding the certificate of the commissioners named in the act that the contract was free from fraud.

The ordinance under which the work had been done, and for which Mr. Astor's property had been assessed, was passed in 1870, and the assessment was vacated in February, 1873, and although it did not appear at what time the work was done, there was enough to authorize the inference that it had either been completed or was being done at the time of the passage of the act, so as to bring it within the precise terms of the saving clause of that act. It was not deemed probable, even if possible, that the work should have been commenced and completed and the assessments made and confirmed by due course of law, and the application to vacate the same made and determined between the 7th day of May, 1872, and the 13th of February, 1873, about nine months, when the city authorities had from February, 1870, to enter upon the performance of the work, and to perform the same. Improvements of this character, when once authorized, are not thus deferred for years and then hurried to completion in a few weeks.

The benefit of this saving clause of the act was not extended to those assessed " for work thereafter made, done or performed" until May 2, 1874, and then it was done by an amendment of section 7 of the statute of 1872 (*supra*). (Laws of 1874, chap., 313.) This amendment took effect from its incorporation into the original section, and had no retroactive operation. (*Ely* v. *Holton*, 15 N. Y., 595.) The word "hereafter," used in the statute as amended must be construed distributively. As to the cases within the statute as originally enacted, it means subsequent to the passage of the original act; as to cases brought within the statute by the amendment, it means subsequent to the time of the amendment. The work for which the lands of the present petitioner were assessed was authorized by ordinance passed April 27,

1871. The assessment for the work was confirmed January 30, 1874, before the passage of the amendatory act, and there was nothing to show, or from which it could be reasonably inferred, that the work was in progress on May 7, 1872. It is possible that the contract for it had been let, and the contractor had entered upon its performance, but it does not affirmatively appear. At what time the contract was submitted to the commissioners, and they examined into the facts and circumstances relating to it, does not appear. By the statute, section 2, they were allowed ninety days from the passage of the act within which to perform their duties. In the Astor case there was no direct proof to bring the case within the statute, but the presumption was very strong, and the inference was almost irresistible from the dates and circumstances, that the work must have been in progress at the time of the passage of the act. Not so in this case. The just inference is the reverse, or at least the presumption is as strong that it had not been commenced as that it had been, and the petitioner should have made the proof. The construction and effect given to the act of 1872, in the case quoted, should not be applied to cases not clearly within the circumstances of that case. It could be very plausibly argued that the saving clause of the seventh section introduced for the benefit of those who were assessed for repaving streets, was confined to those cases in which the contracts had not been passed upon by the commission created by the act and declared free of fraud, and that the very explicit provisions of the first and succeeding sections, validating and confirming all ordinances and contracts for work, and imperatively requiring the comptroller to pay for the same and certify the amount, and directing the assessment of the amount so certified upon property benefited, did in fact make valid for all purposes, all ordinances, contracts and assessments within the terms of those sections, and that the seventh section would have full scope and effect in its applications to ordinances and contracts that had not been submited to and passed the scrutiny of the commission.

But without further considering this question the motion

must be denied, for the reason that the petitioner has not shown that the work had been performed before, or was being performed at the time of the passage of the act of 1872.

All concur.

Motion denied.

On decision of motion to correct *remittitur* the following opinion was handed down :

*Per Curiam.* We cannot re-examine this case and correct the *remittitur* upon affidavits or other evidence outside the record making a case different from that brought up by the appeal. If the petitioner can by other evidence bring herself within the act of 1872, so as to entitle her to a vacatur of the assessment upon her property it can only be done by permission of the Supreme Court. We can reverse, affirm, or modify an order brought to this court by appeal, but if the record shows no error, we cannot grant a new trial or a rehearing. Rehearings upon motions and summary applications are only ordered upon a reversal of an order. The Supreme Court have power to grant any relief to which the petitioner is entitled, and upon such terms as may be just, and that court may either reopen the case or grant leave to renew the application, but such an application is addressed to the discretion of that court, and we can neither direct action of that tribunal in advance, or review its action upon such an application after the exercise of its discretion.

This application must be denied, without costs.

All concur.

Motion denied.