IN THE MATTER OF THE PETITION OF ANNIE F. HYDE TO VACATE AN ASSESSMENT FOR PAVING FORTIETH STREET, FROM THIRD AVENUE TO MADISON AVENUE.

*Certificate of commissioners that contract is free from fraud — chapter* 580 *of* 1872 — *what irregularities cured by.*

The certificate of the commissioners, appointed under chapter 580 of 1872, that the contract for repaving a street in New York is free from fraud, cures any irregularity in an assessment of the expenses thereof— *e. g* , a failure to publish the resolution — although the work was fully completed before the passage of the said act.

APPEAL by the Mayor, aldermen and commonalty of the city of New York from an order vacating an assessement for repaving Fortieth street, between Third and Madison avenues. The petitioner was the owner of a lot, ward No. 26, in block No. 425, which was assessed for the trap-block pavement in Fortieth street, January 31st, 1871. The grounds alleged for vacating the assessment were: (1) payment of previous assessments for the same purpose; and (2) failure to publish the proceedings of the common council. The ordinance was passed by the respective boards March 11 and April 27, 1871, and approved by the mayor April 28, 1871. Evidence was given tending to show that the resolution had never been published as required by the charter. The contract for doing the work, and the work, were passed upon by the contract commissioners, and certified to be free from fraud. The work was completed on the 30th of September, 1871, and the assessment confirmed January 30, 1874. An assessment for paving Fortieth street, between Madison and Fourth avenues, was imposed on the same property in 1856, and was paid. The justice at Special Term granted an order vacating the assessment, and from that order this appeal was taken.

*J. A. Beal,* for the appellant.

*P. A. Hargous,* for the respondent. The certificate of the commissioners appointed under chapter 580, Laws of 1872, did not validate the assessment. The decision of the Court of Appeals *In re Peugnet* (67 N. Y., 441) was made upon the ground that it did not appear in the proofs that the work for which the assessment was imposed was completed, or in course of completion, on the 7th day of May, 1872, the time of the passage of the Commissioners' Act. (*In re Mayer,* 50 N. Y., 504; *In re Phillips,* 60 N. Y., 16; *In re Anderson,* 60 N. Y., 457; *In re Astor,* 53 N. Y., 617.)

DANIELS, J.:

The work for which the assessment was made was ordered by a resolution adopted by the board of aldermen on the eleventh of March, 1871, and by the board of assistant aldermen on the

twenty-seventh day of April, 1871, and approved by the mayor, on the next day, and the work was performed by the thirtieth of the following September. Evidence was given tending to show that no publication was made of the resolution, as that had been required by the amendments made to the charter in 1870. But it was shown that the contract entered into, and under which the work had been performed, had been subimitted to and approved by the commissioners designated by chapter 580 of the Laws of 1872; and that was held in the *Case of Peugnet* (12 N. Y. Sup. Ct., 434), to be sufficient to sustain such an assessment, even though the notice which had been previously required to be given was not published; and this view of the effect of the act of 1872 was sustained by the Court of Appeals in the decision by that tribunal of the same case. (67 N. Y., 441.) In that case it did not not appear that the work was completed before the passage of the act of 1872; and as that fact has been shown in the present case, it has been urged that it should not be controlled by this authority. But in the last consideration of that case, it was not held that work completed before the act was passed should be excluded from its control. It was, on the contrary, stated that " it could be very plausibly argued that the saving clause of the seventh section, introduced for the benefit of those who were assessed for repaving streets, was confined to those cases in which the contracts had not been passed upon by the commission created by the act and declared free of fraud, and that the very explicit provisions of the first and succeeding sections, validating and confirming all ordinances and contracts for work, and imperatively requiring the comptroller to pay for the same and certify the amount, and directing the assessment of the amount so certified upon property benefited, did in fact make valid, for all purposes, all ordinances, contracts and assessments within the terms of those sections, and that the seventh section would have full scope and effect in its application to ordinances and contracts that had not been submitted to and passed the scrutiny of the commission." (Id., 445.) This was not an intimation, by any means, that work completed before the enactment of the statute was not within its provisions. But the tenor and scope of the comments, made upon the effect of the statute, are in favor of its application to work

already performed when it was enacted. And the propriety of the application is rendered entirely evident by the terms of the act, for they have expressly been made to include all contracts made or entered into within five years previous to the passage of the act; and as to all of them, after their approval, the expenses of the work were directed to be paid and assessed upon the property benefited by its performance, which certainly would not have been done, if it had been intended to allow the assessments to be afterward vacated for want of the publication of notice, which was one of the omissions that the statute intended to rectify. (Laws of 1872, chap. 580, vol. 2, 1412–15.)

These acts should be construed together, so far as that may be consistently done, and all their provisions sustained ; and by so construing them, full effect can be secured to this seventh section without extending its provisions so far as to deprive the others preceding it of effect, which will be done if an assessment can be vacated under it that has been imposed in pursuance of the certificate made by the commissioners. The design of both the acts seems to have been to provide for the assessment and payment by the property benefited of the expenses of all improvements made under contracts entered into during the period of five years preceding the law after they should be certified to be free from fraud ; and in other cases only to provide for vacating the assessments made for repavements when the required publication of notice had been omitted. The decision of the Court of Appeals in the case of Peugnet is in no sense in conflict with this theory of the act ; but on the contrary, so far as any intimation has been given on the subject, it sustains this construction of its provisions ; and under that, this assessment should not have been vacated. For it was conceded that the contract for the work had been submitted to, and approved by, the commissioners, and that they had so stated in their certificate. For that reason it cannot be supposed that the case can be made more favorable to the applicant by a further hearing, and the order, therefore, should be reversed and the application denied, with costs and the usual costs of the appeal.

INGALLS, P. J., concurred.

Present — INGALLS, P. J., DANIELS and POTTER, JJ.

Order reversed ; application denied, with costs and costs of this appeal.