## In the Matter of the Petition of JAMES A. DEERING to Vacate an Assessment.

The provision of the act, providing for the incorporation of gas-light companies (§ 18, chap. 37, Laws of 1848), which authorizes such corporations to lay their pipes through the streets of cities and villages, with the consent of the municipal authorities, does not exempt them from the risk of their location, and they may be required to make, at their own cost, such changes as public convenience or security requires.

Accordingly *held*, that an order reducing an assessment for regulating, grading, etc., a street in the city of New York by striking out an item for expenses incurred by a gas company in removing and replacing its pipes was proper.

Also *held*, that an ordinance of the common council, authorizing the expense of removing and replacing gas pipes, when made necessary by the construction of a sewer or culvert, to be included in the assessment, was inapplicable.

The assessment upon petitioner's lot was $246.95; the deduction therefrom was $7.01. *Held*, the amount was not so small that an appellate court could disregard it, when such conclusion would require a reversal of the decision of the court below.

*Colman* v. *Shattuck* (62 N. Y. 349), distinguished.

(Argued June 28, 1883 ; decided October 2, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 17, 1883, which modified an assessment upon a lot owned by the petitioner in the city of New York, for regulating, grading, etc., Broadway from Manhattan to One Hundred and Thirty-third street.

As an item of expenditure was included $624, damages to the Harlem Gas-light Company in taking up and replacing their pipes, required by change of grade. The assessment upon the lot of the petitioner was $246.95. The order of the General Term required this to be reduced in the proportion that the said item bears to the whole expense, to-wit, to $239.94.

*James A. Deering* for appellants. The expense incurred by the gas company in removing its pipes was improperly

included in the assessment. (Laws of 1852, chap. 52; Laws of 1873, chap. 335, § 18; *In re Em. Ind. B'k*, 75 N. Y.; *In re Trustees of Presbytery*, 57 How. Pr.; 80 N. Y. 642; *In re Second Avenue M. E. Church*, 66 id. 395; *In re Cram*, 69 id. 452.)

*D. J. Dean* for respondent. The expense of removing and relaying the gas mains was a necessary incident of the work, and was properly included in the assessment. (Laws of 1848, chap. 37, § 18; 2 R. S. [6th ed.] 621; *In re Bassford*, 50 N. Y.; Revised Ordinances, 1880, §§ 166–171, pp. 105, 106; Revised Ordinances, 1866, pp. 243, 244; *In re St. Joseph Asylum*, 69 N. Y. 353.) The addition to relator's assessment, because of this item, if it was improperly included, is so small it should be disregarded. (*Coleman* v. *Shattuck*, 62 N. Y. 363; *In re Lewis*, 35 How. 168.)

DANFORTH, J. The learned counsel for the city fails to satisfy us that any authority exists for imposing upon the owner of adjacent property, expenses incurred by the gas company in removing and replacing its pipes. These things were not made necessary by the construction of any sewer or culvert, and consequently the ordinances of the city, as cited by him, have no application. For aught that appears here, although authorized to lay its pipes through the public streets (Laws of 1848, chap. 37, § 18), the company took the risk of their location and should be required to make such changes as public convenience or security requires, and at its own cost and charge.

Nor is the amount so small that an appellate court can disregard it, when such conclusion would require a reversal of the decision of the court below. In the case to which the learned counsel refers (*Colman* v. *Shattuck*, 62 N. Y. 349, 363), the excess of assessment did not exceed, in either instance, five cents, and we agreed with the Supreme Court that it might be disregarded. In the case before us, that court has thought the item of sufficient importance to be corrected, and in this conclusion there is certainly no legal error. Nor do the points

made by the petitioner, upon his appeal, show any substantial defect in the proceedings. The objections taken by him were sufficiently considered by the General Term, and we agree with that court in the conclusion that they are untenable.

The order should, therefore, be affirmed, but as both parties have appealed, it should be without costs.

Order affirmed, without costs.

All concur, except ANDREWS, J., absent.

Order affirmed.