THE PEOPLE OF THE STATE OF NEW YORK EX REL. JAMES R. JESSUP v. JOHN KELLY, ALLEN CAMP-BELL AND DANIEL LORD, COMMISSIONERS, ETC.

*Assessments for local improvements in New York city — review of them by the commissioners appointed under chapter 550 of 1880 — discretionary power of the commissioners — when it is not reviewable by the General Term.*

The relator applied to the commissioners, appointed under chapter 550 of 1880 for the purpose of reviewing certain assessments for local improvements, to have an assessment for the laying of a sewer reduced by striking therefrom an item for damages to gas mains. The total amount allowed for damages to gas mains was $4,334, and the total amount of the assessment was $125,086.19. The assessment was confirmed in January, 1873. The commissioners, while holding that the item of damages to gas mains was improperly included in the assessment. refused to strike out the proportion charged against the petitioner's property upon the ground that no "substantial injustice" had been caused thereby.

Upon the hearing of a *certiorari* to review the action of the commissioners:

*Held,* that the intent of the act was to leave the question whether substantial injustice had or had not been done in a given case to the commissioners, as one of fact to be finally determined by them, and that the exercise of this power by them would not be reviewed by the courts unless clear excess of jurisdiction or gross abuse and injustice were shown.

That the commissioners had the right to apply the maxim *de minimis non curat lex* to cases where a court of law could not.

That their action in his case should be affirmed.

Writ of certiorari to review a decision of the respondents as commissioners, appointed in and by chapter 550 of the Laws of 1880, denying an application of the relator for a modification or reduction of an assessment imposed upon petitioner's lands for laying a " sewer in Third avenue, between Ninety-third and One Hundred and Seventh street," which assessment was confirmed January 3, 1873.

The petitioner claimed that the assessment was excessive and unjust, in that it included an item for the allowance of damages to gas mains, $4,334.

| | | |
|---|---|---|
| The cost of the work was for the sewer proper | | $103,437 69 |
| Paving over sewer | | 5,630 50 |
| Expenses surveyor's fees | $7,638 00 | |
| Expenses inspector's fees | 4,048 00 | |
| Expenses damages to gas mains | 4,334 00 | |
| | | 16,018 00 |
| | | $125,086 19 |

The commissioners decided that the item of damage to gas mains, under recent decisions of the courts, should not have been included, but that the sum itself, and the proportion charged upon the petitioner's property were so small, about three and one-half per cent, that no substantial injustice had been done to the petitioner thereby and denied the application.

*John C. Shaw*, for the relator.

*J. A. Beall*, for the respondents.

Davis, P. J.:

The defendants were appointed commissioners under the provisions of chapter 550 of the Laws of 1880, for the purpose of reviewing certain assessments made in the city of New York for local improvements. The main object of the act was to relieve the courts of the vast mass of litigation growing out of such assessments and to confer jurisdiction and the final disposition thereof upon a board of commissioners who should have power to determine whether " substantial injustice was caused " by an assessment, and if they so find, to award such relief " as should be, under the circumstances and on the evidence presented, just and equitable." (Laws of 1880, chap. 550, § 3.)

The intention of the act was to leave the question whether " substantial injustice" had or had not been done in a given case, to this special tribunal, as one of fact, to be finally determined by the commissioners ; and in case they found that substantial injustice had been done, to clothe them with power to award such relief as under the circumstances they should adjudge upon the evidence presented to be just and equitable.   No power to review their finding upon the material fact, or their conclusion as to the adequate relief to be administered upon such finding, was conferred upon any court.

Although in the interests of justice this court by its inherent jurisdiction has power to review by *certiorari* the action of such inferior tribunals as that created by this act, whenever not expressly inhibited by statute, yet such power should be exercised with the greatest caution and be restricted to cases of clear excess of jurisdiction, or gross abuse and injustice.   To allow the writ of *certiorari* to issue for the purpose of reviewing every question of law and fact that may be passed upon by the commissioners, is virtually to defeat the purposes of the act and to recall to this tribunal the ultimate determination of all that local litigation over assessments which the legislature meant to transfer to the commissioners for final decision, upon grounds much more equitable and general than any possessed by this court for the disposition of the class of litigations included in the act of 1880.   The court should therefore be sedulous, if not astute, to avoid reviving an evil, which had grown burdensome both in this court and the Court of Appeals, and from which the legislature sought to relieve both courts.

In the case before us the commissioners found that in the assessment upon the property benefited by a very expensive sewer, and which had been confirmed in 1873, an item for damages to gas mains had been included, and that the inclusion of this item had enhanced in a very small amount the assessment made upon the relator's property.   No complaint seems to have been made of this slight enhancement till the application to the commissioners ; and we infer from the facts stated that the right to attack the assessment in the courts on that ground had been barred by lapse of time ; but we do not regard that fact, if true, as material to the question to be determined.

The Court of Appeals have lately held, *In the Matter of*

*Deering* (93 N. Y., 361), that such an item was not properly included in an assessment; that the same should have been borne and paid by the gas company. It is now insisted that the fact that the item was in strictness an illegal one required the commissioners as an absolute matter of right to order its deduction from the relator's assessment, and the commissioners could not, therefore, find that substantial injustice had not been done.

We do not so understand the powers conferred on the commis sioners. They do not sit as a court of law, and although their authority is a judicial one in its nature, still it is of such a character as to relieve them from the technical rules applicable to courts of law, and clothe them with the amplest power to do in each case whatever they think to be just and equitable on the evidence presented; or, as expressed in the sixth section of the act, whatever "in their judgment is just and equitable in view of the circumstances."

They have a right, therefore, to apply the maxim "*de minimis lex non curat*" even to cases where a court of law could not. In this case the relator had slept on his rights for years; and it is obvious he now comes in, after his rights to such relief in a court are gone, to urge them before the commissioners in order to escape by the trifling reduction asked for, the payment of any interest whatever on his assessment during the long series of years he has remained inactive, on the ground that that result will follow a deduction of the kind. The commissioners have adjudged that this was not just and equitable "*under the circumstances*," and have found as a matter of fact that substantial injustice was not caused in his case by the confirmation of the assessment.

We do not feel bound to interfere with this decision by reason of any rule of law arbitrarily requiring us to do so, and if we have a discretionary power in the case we think it would not be judicious under the circumstances to exercise it. As a matter of discretion, we think we ought not to interfere.

It follows that the writ of *certiorari* should be quashed, with costs to the respondents.

Brady and Daniels, JJ., concurred.

Writ quashed, with costs to the respondents.