Brady, J.
On the 30th of ¡November, 1869, a contract-was made for the construction of the sewer to which this matter relates. The contract was let in the usual manner, except as to the foundation, plank, and rock excavation, which were not exposed to competition, the price for each of those items being fixed in the contract, and not included, therefore, in the competition for bids.' But no rock excavation seems to have been required or done. This contract *99 was submitted to the commissioners appointed under chapter 580 of the Laws of 1872, and was by them certified to be free from fraud.
The contract having thus been declared free from fraud by the persons who were legally constituted to examine it, is conclusive upon all parties for the purpose of assessment. It seems to have been so expressly decided in the matter of Kendall (85 N. Y., 302). In considering the effect of the several provisions of the statute, the court said:
“The object of this act, as is thus apparent, was to take a whole mass of illegal and invalid contracts, and if they were certified by the commissioners to be free from fraud, to confirm and render them absolutely valid.” And it was further held that the power to do this could not be questioned. And further still: “The moment the contracts were thus made valid and binding upon the parties thereto, they were just as effectual as a basis for an assessment as if they had been originally valid.”
The court further said: “It cannot be supposed that the legislature meant to make these contracts binding upon the city, to compel it to pay for work done under such contracts, and to authorize assessments to be made for expenses of such work, and yet to leave the property owners the right to assail such assessments because of the invalidity of the contracts.” And further: “It is true that the determinations of the commissioners are not binding as such upon any one but the parties to the contracts. But their determinations purge the contracts of all infirmity, and render them valid. The property owners are not parties to the contracts. They need not be consulted about them, and have no right to be heard in relation to them. Their right to a hearing first comes when assessments are to be made against them. A contract valid and binding upon the city, and under which it is obliged to pay for work done, can lay the foundation for an unimpeachable assessment. This conclusion, as to the absolute validity of such contracts, is in harmony with some views expressed by Allen, J., in the Matter of Penguet (67 N. Y., 441), but not with some expressed by Church, Ch. J., in the Matter of Burmeister (76 N. Y., 174). A careful examination of the act of 1872, and preceding and subsequent legislation in pari materia, has led us to the conclusion we have now reached. In the Burmeister case we had under consideration section 7 of the act of 1872, in a case of repavement, and we do not deem it important now to consider or construe that section, nor to determine precisely how far that case should be limited, as this is not a case of repavement, and there is no allegation of fraud.”
In 1874, by chapter 312 of the laws of that year, the first *100 sections of the act passed April 17, 1858, in relation to frauds in assessments for local improvements in this city, was amended by striking from it the words “or legal irregularity,” and substituting the words “ any fraud or substantial error.” And the respondent’s counsel thinks that that change in the statute of 1858 affects the operation of the statute of 1872, and renders it necessary, if there was a substantial error, to disregard the certificate of the commissioners appointed under the act of 1872 and declare the assessment invalid, if it were cured solely by the operation of the commissioners certificate.
This view is not encouraged for the reason that it is quite apparent that the design of the legislature, in passing the Act of 1872, was to limit the cases in which the assessment should be vacated to those in which fraud should be shown; a conclusion at which the court of appeals arrived in the case of Kendall, to which reference has already been made.
According to the record the surveyor’s fees were included in the contract, and the certificate referred to necessarily disposes of any question in regard to them; although the smn seems to be large, it is to be presumed that it was a matter of investigation by the commissioners, whose duty it was to examine into the contract and all suggestions of fraud contained within or affecting it.
The proposition of the learned counsel for the respondent, predicated of the decision In re Burmeister (76 N. Y., 174), namely, that the provisions of the act of 1872 relate to the validity of the contract and bind those only who were parties to the contracts and to the proceedings, and that the property owners who were to have been assessed had no opportunity to be heard, and could not, upon established principles, be affected by the adjudication of the commissioners, has not been overlooked; but this is not a case of repavement, and the latter adjudication, In re Kendall (supra), is regarded as having given the proper construction to the act of 1872, and to have established the proposition that it affects all persons, property owners included.
The result of the consideration of the appeal, which has involved the examination of a great many adjudications in ■reference to assessments, is that as to all the items mentioned in the contrac the assessment is valid. There is, however, one item which does not appear to have been inserted in the contract, namely, an award to the Manhattan Gas Light Company, which was added to the assessment, and improperly. There is no authority for including such an item. Matter of Deering, 93 N. Y., 361. In that case there was an item of. expenditure included in the assessment as damages to the Harlem Gas Light Company in taking up and replacing its pines. The court said:
*101 “ The learned counsel for the city fails to satisfy us that' any authority exists for imposing upon the owner of adjacent property expenses incurred by the gas company in removing and replacing its pipes.” And in the matter of Houghton (20 Hun, 395), a kindred item was declared to be invalid by this court.
The conclusion from our examination of this appeal, therefore, is, that the order appealed from should be modified and the assessment reduced by deducting the sum awarded to the Manhattan Gas Light Company and reducing the assessment on each lot proportionately without costs to either party.
I concur, Daniels, J.