BRUNSWICK GAS LIGHT COMPANY

*vs.*

BRUNSWICK VILLAGE CORPORATION.

</div>

92  493
95  311
92  493
100  263

<div style="text-align:center">

Cumberland.   Opinion February 20, 1899.

</div>

*Towns.   Village Corporations.   Municipal Officers.   Sewers.   R. S., c. 16, § § 1–16 ; Priv. & Spec. Laws, 1887, c. 172, § 2.*

Under the provisions of section 2 of chapter 172 of the Private and Special Laws of 1887, incorporating the Brunswick Village Corporation, that corporation is responsible for acts of trespass or tort committed in the construction of a sewer, only when a town would be responsible under the same circumstances.

The construction of sewers is not within the scope of the corporate authority of a town.   The municipal officers are the only tribunal authorized to construct sewers at the expense of a town.   For the torts of this tribunal, the town is not responsible.

A town is not liable for the torts of its own servants, agents and contractors, while engaged in work beyond the scope of corporate municipal authority, even if directed by vote of the town.

*Held ;* that the Brunswick Village Corporation is not liable to the Brunswick Gas Light Company for disturbing the gas pipes of that company while constructing sewers in the streets of Brunswick.   And this is so, whether the sewer was constructed by direction of its assessors acting in the name of the corporation, or whether it was constructed under the authority of a vote of the corporation itself, and by virtue of a contract with the corporation.

ON EXCEPTIONS BY PLAINTIFF.

The case appears in the opinion.

*Geo. E. Hughes,* for plaintiff.

This is not the case of error in judgment when the defendant corporation decided when and where they would lay the sewers.

That was a judicial determination. When they put their plans in execution and entered into a contract, which repeatedly shows it held supervision through their engineer, that was a ministerial act, and for all violations of the rights of private citizens which this corporation was lawfully bound to respect and protect, it made itself responsible not only by the general principles of common law, but by the excessive caution expressed in its contract reserving to itself the immediate control and supervision of the work through its agent, the engineer.

Where a municipal corporation constructs sewers and keeps them in repair, their acts in so doing are ministerial and bind them to exercise all needful diligence, prudence and care in exercising such powers. *Barton* v. *City of Syracuse*, 36 N. Y. Ct. of Appeals, page 54. A corporation is liable for injuries occasioned by the negligence, unskilfulness or malfeasance of its agents or contractors engaged in the construction of its public works. As where a contractor in building a sewer piled the excavated earth over a vault there lawfully situate, whereby the vault was broken. *Delmonico* v. *Mayor of New York*, 1 Sanford, 222.

*Barrett Potter*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, SAVAGE, JJ.

SAVAGE, J. This is an action of trespass in which the plaintiff claims that its pipes, lawfully in the streets of Brunswick village, were broken by the defendant in the course of the construction of sewers. The sewers were constructed by one John H. Flanagan under a contract in writing which is made a part of the case. The excavations in the streets for sewers were made by license of the municipal officers of Brunswick, and of the assessors of the defendant corporation. The contract with Flanagan appears to have been made in the name of the defendant, but by what authority it was made does not appear. The case was submitted to the presiding justice upon an agreed statement of facts. He ruled that the action was not maintainable, and the plaintiff took exceptions.

I. The act incorporating the defendant, Private and Special Laws of 1887, chap. 172, contains in section 2, the following provisions: "Said corporation within its territorial limits shall have all the rights, powers and privileges which towns have under the first sixteen sections of chapter sixteen of the revised statutes, and shall be subject to all the obligations, responsibilities and penalties which the same sections impose upon towns. All powers and privileges granted by the same sections to the municipal officers of towns are hereby granted to the assessors of said corporation." The sections of the revised statutes referred to are those which prescribe and limit the duties and responsibilities of towns, and the powers and privileges of municipal officers with respect to the construction and maintenance of sewers.

If it be assumed that the sewers in question were constructed by direction of the defendant's assessors alone, as they might have been under the foregoing provisions of its charter, it is clear that the defendant is liable for acts of trespass or tort committed in the process of construction only when a town would be responsible under like circumstances. Under section 2 of its charter, the defendant has the same authority that a town has, no more. Its assessors are vested with all the powers of municipal officers in this respect. And the same principles must apply in the case of this village corporation as apply in the case of a town.

The powers and responsibilities of towns in the construction and maintenance of sewers were fully examined and stated by this court in *Bulger* v. *Eden*, 82 Maine, 352, and more recently in *Gilpatrick* v. *Biddeford*, 86 Maine, 534. The statute imposes no duty upon a town as such to build sewers. The construction of sewers is not within the corporate authority of a town. The municipal officers are the only tribunal authorized to construct sewers at the expense of a town. *Darling* v. *Bangor*, 68 Maine, 106; *Bulger* v. *Eden*, supra. For the torts of this tribunal, the town is not responsible. *Bulger* v. *Eden*, supra. It follows that if the sewers in this case were constructed by authority of the assessors alone, the defendant is not liable for the torts complained of.

II.　But it is provided in section 3 of the defendant's charter, that the corporation may "authorize its assessors or its special committee to contract in its behalf for any of the purposes aforesaid." The "purposes" referred to are those specified in the preceding section of the charter, from which we have already quoted, relating to sewers. It would seem that the defendant was, by section 3, granted corporate authority to construct sewers. Although this latter section was not alluded to by counsel in argument, still we think it should be considered, for the case does not show explicitly under the provisions of which section the sewers were built. Now, if we assume that these sewers were constructed by the defendant, by virtue of its corporate authority, will the plaintiff be placed in a better position? We think not.

The plaintiff, by its charter, Private and Special Laws of 1854, chap. 291, obtained "the right to lay gas pipes in any of the public streets and highways of the town of Brunswick, the consent of the selectmen of said town having first therefor been obtained." But this was not an absolute right. It was only a qualified right. It was not paramount, but subordinate. The placing of its pipes in the streets, with the consent of the selectmen, did not give the plaintiff the vested right to have them remain as placed undisturbed. Its right was subordinate to the rights of the public in the use of the streets; and it was subject to the power of the legislature to authorize additional public uses of the streets, and that, without providing for the payment of compensation for incidental and consequential damages occasioned by such uses. Notwithstanding the provisions in the plaintiff's charter, we think it cannot be successfully claimed that the legislature did not still possess the power to authorize the construction of sewers in the streets, although by such construction, the plaintiff might be put to inconvenience, damage and loss.

These doctrines are sustained by a general concurrence of authority. *Portsmouth Gas Light Co.* v. *Shanahan*, 65 N. H. 233; *Middlesex R. R. Co.* v. *Wakefield*, 103 Mass. 261. *In the matter of Deering*, 93 N. Y. 361; *National Water Works* v. *City of Kansas*, 28 Fed. Rep. 921; *Rockland Water Co.* v. *Rockland*, 83

Maine, 267; *Belfast Water Co.* v. *Belfast*, ante, p. 52; Elliott on
Roads and Streets, 368.    The legislature exercised its power by
granting the defendant's charter.    The defendant, then, clearly
had the right to construct sewers in its streets.    If it did so rea-
sonably and properly, it was only in the lawful exercise of its right.
It is well settled that when a public corporation does only what by
its charter it is authorized to do, and is free from fault or negli-
gence, it is not liable for consequential damages.    *Darling* v. *Ban-
gor*, supra; *Sumner* v. *Richardson Lake Dam Co.*, 71 Maine, 106;
*Rogers* v. *Kennebec & Portland R. R. Co.*, 35 Maine, 319.    We
think this rule is applicable here.

   Now what are the facts?    The claim of the plaintiff as set forth
in the agreed statement of facts is simply this,—"that its pipes,
lawfully in the Brunswick streets, were broken by the defendant
in the course of the construction of sewers in said streets."    This
is the whole of it.    It is not claimed that the acts of the defendant
were negligent, unreasonable, unnecessary, or in excess of its statu-
tory rights, and of course we cannot assume them to have been so.
The question is squarely presented, whether the defendant, having
constructed its sewers in a reasonable and proper manner, can be
held responsible for damages which were the natural or necessary
result of the exercise of its lawful powers.    We think the question
must be answered in the negative.

   As these conclusions necessarily dispose of the case, it is unneces-
sary to consider the other questions discussed by counsel.

*Exceptions overruled.*