In the Matter of the Petition of BRADISH JOHNSON to Vacate an Assessment.

A contract for a local improvement in the city of New York, originally invalid because of failure to comply with the provision of the charter of 1873 (Chap. 335, Laws of 1873), requiring the advertisement for proposals and the letting of contracts to the lowest bidder, is validated by the certificate of the commissioners appointed under the act of 1872 (Chap. 580, Laws of 1872), to the effect that the contract is free from fraud.

Among the items of expenditure included in an assessment for constructing a sewer in the city of New York was a sum awarded to a gas company. In proceedings to vacate the assessment it did not appear but

that the award was for the expense of removing and relaying the gas pipes of the company, rendered necessary by the construction of the sewer. *Held*, that as by the city ordinances it was made the duty of the company in such case to remove its pipes, and it is declared that all expenses thereby incurred shall form a part of the expenses and be included in the assessment, its disallowance was not justified ; that if the item was for a different purpose the petitioner should have shown it, as it is for him to establish an error if one exists.

Surveyors' fees are properly included in such an assessment as an item of the expenses.

*In re Deering* (93 N. Y. 361) and *In re Houghton* (20 Hun, 395), distinguished.

(Argued June 15, 1886 ; decided October 5, 1886.)

THESE were cross-appeals from an order of the General Term of the Supreme Court, in the first judicial department, made the first Monday of March, 1886, which modified an order of Special Term vacating an assessment on petitioner's premises in the city of New York for the expenses of constructing a sewer, by deducting from the assessment a proportionate amount of an item included in the assessment, as follows : " $1,206.53 awarded to Manhattan Gas-light Company." The balance of the assessment was ordered to stand.

The petitioner was the owner of property affected by the assessment, and by petition alleged " that said assessment is irregular and void, for the following reasons :

" I. Because there is included in said assessment, and assessed upon his lots, the cost of work for which no contract was made, in conformity with the provisions of section 91 of the charter of 1873, nor any bids made for doing said work, or any part thereof, or any competition therefor.

" II. That the work, for the expense of which said assessment is imposed, was done without any authority of law, and there are included therein expenses not authorized by law."

Upon the trial it appeared that the whole assessment was $255,251.17 ; it included surveyors' fees, $22,870, and $1,206.53, awarded to Manhattan Gas-light Company ; it also appeared " that it was before the commissioners appointed under chapter 580 of the Laws of 1872, and was by them certified as free from

fraud." The contract contained fixed prices for rock excavation, but none was required or done.

*Peter A. Hargous* for petitioner. The allegations in the petition are sufficient to reduce the assessment on the grounds stated. (*In re Lilienthal,* 28 Hun, 641.) The certificate of the commissioners under the act of 1872, chapter 580, did not validate the assessment, so that a valid assessment could be laid and imposed when a substantial error existed in the assessment. (*In re Burmeister,* 76 N. Y. 174; *In re Marsh,* 83 id. 433; 21 Hun, 582.) The award to the Manhattan Gas Company is an improper charge. (*In re Deering,* 93 N. Y. 361.) Only such matters as are in the certificate of the commissioners of public works to the board of assessors can be assessed. (Laws of 1882, chap. 410, § 868, Cons. Act; Laws of 1871, chap. 574, § 5; *In re Cameron,* 50 N. Y. 52.) The maxim "*de minimis non curat lex,*" cannot apply in a case where an authorized item is included in an assessment, however small. (*In re Deering,* 93 N. Y. 361.)

*E. Henry Lacombe* and *G. L. Sterling* for the city corporation. This being a case neither of fraud nor repavement, the alleged irregularity in the letting of the contract is of no importance in view of the certificate of the commissioners under chapter 580 of the Laws of 1872. (*In re Burmeister,* 76 N. Y. 174; *In re Peugnet,* 5 Hun, 434; 67 N. Y. 443; *In re Marsh,* 83 id. 431; *In re Kendall,* 85 id. 302.) The contract, even if made in disregard of legislative limitations, has been ratified by subsequent legislation. (Laws of 1880, chap. 556; *Brown* v. *Mayor, etc.,* 63 N. Y. 239, 244.) There is no allegation in the petition, under which evidence as to the items of "surveyors fees," "award to Manhattan Gas Company," could be offered. (*In re Eager,* 46 N. Y. 109; *In re Roberts,* 81 id. 69; *Rich's Case,* 12 Abb. Pr. 118; *Horn's Case,* id. 124; *Miller's Case,* id. 121.) The items included for "surveyors' fees" and "award to Manhattan Gas Company" are proper charges. (Laws of 1865, §§ 9, 10, 11, amended by Laws of

1866, § 1 ; *In re Merriam,* 84 N. Y. 607; *In re Pelton,* 85 id. 657; *In re Lowden,* 89 id. 548'; *In re Roberts,* 95 id. 674; Rev. Ord., 1880, §§ 168, 171, pp. 105, 106 ; Rev. Ord., 1886, pp. 243, 244.) All the presumptions are, in these cases, in favor of the city. (*In re Hebrew Ben. Orph. Asyl.,* 70 N. Y. 476 ; *In re Bassford,* 50 id. 512 ; *In re Williamson,* 3 Hun, 65–68 ; *Bigelow* v. *Boston,* 120 Mass. 326.) This is a case for the application of the maxim "*De minimis non curat lex.*" (*In re St. Joseph's Asylum,* 69 N. Y. 353 ; *Coleman* v. *Shattuck,* 62 id. 363; *In re Lewis,* 35 How. Pr. 168.)

DANFORTH, J. So far as the petitioner's appeal touches the validity of the contract, it must fail, because of the action of the commissioners, and for reasons which led to our decision *In the Matter of Kendall* (85 N. Y. 302), where they are fully stated; and in regard to surveyors' fees, *Matter of Merriam* (84 id. 607), *Matter of Pelton* (85 id. 651), *Matter of Lowden* (89 id. 548), are against him. On the other hand the appeal by the corporation should succeed. The question presented by it relates to the item of "$1,206.53, awarded to the Manhattan Gas-light Company," for the expense it may be, the contrary does not appear, of removing and relaying their gas pipes, in consequence of the construction of the sewer in question, and in performance of a duty to do so, imposed upon them by a city ordinance. (Rev. Ord. of 1866, p. 243, § 16; of 1880, pp. 105, 106, §§ 166, 171.) The same ordinance declares that all expenses or damage incurred or sustained by such company shall form a portion of the expenses of such sewer and be assessed and collected in the same manner as the other expenses thereof. Its disallowance is not justified by our decision in *Deering's Case* (93 N. Y. 361). The assessment there in question was for regulating and grading a street, and an item similar to that now under consideration was rejected because the occasion which required it was not within the ordinances above referred to. It is otherwise with the case now before us. If the item was for a purpose different from that suggested, it was the duty of the petitioner to point

it out, and establish an error, if one existed. (*In re Eager*, 46 N. Y. 109.) It is not even alluded to in the petition, and the proof is only that such an item forms part of the general sum.

The learned counsel for the petitioner calls our attention to the *Matter of Lilienthal* (28 Hun, 641), and to the *Houghton Case* (20 id. 395). In the first, the opinion of the court does not appear, and we have no means of knowing the circumstances of the case, or the view taken of them. The other seems to have turned upon a provision of the contract then in question. In the case before us the contract is not produced, nor is there evidence that it contains the provision on which reliance was placed in the case cited.

So far, therefore, as the order of the General Term modifies the order of the Special Term, it should be reversed, and the order of the Special Term affirmed, but in other respects the order of the General Term should be affirmed, and the petition dismissed, with costs to the city of New York.

All concur.

Ordered accordingly.