ELIZA GATES, Respondent, *v.* SARAH C. HAMES, Appellant.

*Supreme Court, Fifth Department, General Term, December 30, 1889.*

*Contract.    Promise.*—Where the promisee is under no legal or moral
   obligation, debt or duty to a third party, a promise made to such prom-
   isee for the benefit of such third person cannot be enforced by the latter
   against the promisor.

Appeals from two judgments of the county court of Monroe
county, affirming the judgments of a justice's court.

*J. A. Barhite*, for appellant.

*W. P. Chase*, for respondents.

DWIGHT, J.—The action was to enforce a promise made
by the defendant, to a third person, for the benefit of the
plaintiffs.    The facts in the case were, briefly, these :    The
promisee, Dorcas Van Alstyne, who was the mother of the
defendant and the grandmother of the two plaintiffs, held
a mortgage, on which about $200 was due, on real estate
belonging to the defendant.    She discharged the mort-
gage in consideration of an agreement of the defendant to
pay the amount due thereon by boarding her mother, if the
latter chose to live with her, or, if not, to pay the amount,
after her mother's death, to five of the prospective heirs-at-
law and next of kin of the latter, including the two plaintiffs,
in four equal shares, the plaintiffs to take one share between
them.    Mrs. Van Alstyne did not afterwards live with the
defendant, and after her death the plaintiffs brought their
several actions to recover on the promise of the defendant.

There is no question of the sufficiency of the consideration, moving from the promisee to the promisor, to support the promise. The question is whether the promise was one which can be enforced by the third person for whose benefit it was made.

We regard the case of Vrooman *v.* Turner, 69 N. Y. 280, as conclusive against the plaintiffs' contention in this respect. In that case the court, by ALLEN, J., says : "To give a third party, who may derive a benefit from the performance of the promise, an action, there must be, first, an intent by the promisee to secure some benefit to the third party; and, second, some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter, which would give him a legal or equitable claim to the benefit of the promise, or an equivalent, from him personally."

The court, in the same opinion, considers the decision in Lawrence *v.* Fox, 20 N. Y. 268, and points out that in that case " it was assumed that if there was no debt proved (from the promisee to the plaintiff), the action would not lie ; " and says that " in every case in which an action has been sustained, there has been a debt or duty owing by the promisee to the party claiming to sue upon the promise. Whether the decision rests upon the doctrine of agency, the promisee being regarded as the agent for the third party who, by bringing his action, adopts his acts, or upon the doctrine of a trust, the promisor being regarded as having received money or other thing for the third party, is not material. In either case there must be a legal right, founded upon some obligation of the promisee, in a third party, to adopt and claim the promise as made for his benefit."

It cannot be contended in this case that any such legal or moral obligation, debt or duty was owing by the promisee to the plaintiffs. The benefit which the former by the contract sought to provide for the latter was a mere gratuity, the motive of which seems to have been love and affection,

a sufficient consideration to support a deed or an executed contract, but which could not render obligatory a mere promise or executory agreement. Duvoll v. Wilson, 9 Barb. 487 ; Whitaker v. Whitaker, 52 N. Y. 368.

The case of Todd v. Weber, 95 N. Y. 181, upon which the plaintiffs place some reliance, was one so exceptional in its facts as scarcely to depend upon the principles invoked in support of these actions ; and which, so far as those principles are applicable to it, is distinguished from this case. There the promise was made by the putative father of a bastard child, who had from the first acknowledged his paternity to the maternal relatives of the child, to the effect that he would make provision for her in his will if they would support her during his life. That consideration having been fully rendered, and the promise of the father having been frequently communicated to the child, who, in reliance thereupon, had herself undertaken to recompense the relatives for their outlay in her behalf, she was permitted, after the death of the promisor, to maintain an action on the promise against his personal representatives. The court held that "the natural obligation arising out of the relation of the putative father to his child will uphold a contract upon which an action may be sustained; " and thus the case was brought directly within the rule stated in Vrooman v. Turner, *supra*, which requires a legal or moral obligation owing to the party to be benefited by the promise to support an action by him on a promise made to another. In this case the grandmother was under no obligation to contribute to the support of the plaintiffs, or to give them any portion of her estate ; there was no debt or duty owing from her to them. For that reason, under the authority of the cases referred to, the promise to the defendant was one which could not be enforced by the plaintiffs. The action to which the defendant may be liable is one by the personal representatives of the promisee.

The judgment of the county court and of the justice's court must be reversed.

Judgment reversed, with costs.

BARKER, P. J., and MACOMBER, J. concur.