BENJAMIN A. EARLE *vs.* CHARLES A. ANGELL.

Worcester.     October 3, 4, 1892. — October 21, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Parol Contract to pay Money after one's Death.*

A parol contract to pay a person a sum of money conditioned upon his attending the promisor's funeral, and in consideration of his promise to do so, is valid; and the fact that the acceptance varied from the terms of the offer is immaterial, if the jury might have found that the variation was assented to when the contract was made.

CONTRACT, against the executor of Mary Dewitt, to recover five hundred dollars upon an agreement made by the plaintiff with the defendant's testatrix in her lifetime.

At the trial in the Superior Court, before *Maynard*, J., the plaintiff testified as follows:

" I saw Mrs. Dewitt in the fore part of August, 1883, in Oxford. I went there from Homesburg, a suburb of Philadelphia. That was on Sunday morning, August 11th. On Monday, August 12th, I and my aunt went out walking through the garden, soon after breakfast. We returned in after our ramble through the garden, and were seated in the sitting-room on the old hair sofa talking over things, and she holding me by the hand. She said, ' Ben, there are few left to come to my funeral. I have thought a great deal of you for coming to your uncle's funeral and bringing that large box of flowers in that terrible snowstorm we had, when our friends could not reach here from Boston, and you coming here from Philadelphia. I want you to attend my funeral, Ben, if you outlive me, and I think you will, and I will pay all expenses and I will give you five hundred dollars. I want you to come.' I agreed to come if I lived, and they notified me of her death. After talking of the many gone and the few left, she says, ' I want you to come to my funeral. If you will agree to come and attend my funeral if you outlive me,' as near as I can give the precise language, ' I will give you five hundred dollars and pay all expenses. It is a good ways to come, but I want you to come.' I promised upon my honor to attend her funeral if I was a living man, and they informed me in time to get there, and I was able.

" I saw my aunt again in 1885. I was at the funeral of my mother, and after it was over I went and called upon my aunt. Aunt says, ' Another one is gone of the family, and we shall go soon, but don't forget your agreement or promise to attend my funeral.' I says, ' I sha'n't do it, aunt, and I shall come if I am able and they let me know in time to get here.' I am not quite positive, but I am very sure she says, ' Ben, I am going to give you five hundred dollars in the will, one half that your uncle did.' My aunt died in 1887. I attended her funeral. I attended it on account of my promise. The writing on that envelope is my aunt's, and the paper in it is also in her handwriting. It came into my possession, I cannot tell exactly when, but soon after I returned from my aunt's funeral. It came to me sealed, and I cut it open with my scissors."

The paper was as follows:

" $500.00. Oxford, August 14th, 1883. If Benjamin A. Earle should come to my funeral, I order my executor to pay him the sum of five hundred dollars. Mary Dewitt."

The defendant offered no evidence, and the plaintiff having rested his case, the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*C. M. Rice,* (*H. W. King* with him,) for the plaintiff.

*W. S. B. Hopkins,* (*F. B. Smith* with him,) for the defendant.

HOLMES, J. There is no difficulty in point of law in the way of a parol contract to pay a person $500, conditioned upon his attending the promisor's funeral, and in consideration of his promise to do so. It is well settled that a contract to pay money after one's own death is valid. *Parker* v. *Coburn,* 10 Allen, 82, 83. *Phillips* v. *Blatchford,* 137 Mass. 510, 514. *Krell* v. *Codman,* 154 Mass. 454. And the other elements of the case are examples of very well known principles. The ruling that the plaintiff could not recover must have gone on the ground that there was no evidence of such a contract as we have supposed. According to the report, the plaintiff testified that the defendant's testatrix said, " If you will agree to come, . . . I will give you five hundred dollars," etc., and that he promised to come if alive and notified in time. We cannot say that this did not warrant a finding of promise for promise. It is suggested that the acceptance varied from the terms of the offer. But the parties were face to face, and separated seemingly agreed. The jury well might have found, if that was the only question, that the variation, if any, was assented to on the spot.

*Exceptions sustained.*