HARRIET BABCOCK, an Infant, by WILLIS A. BABCOCK, her Guardian ad Litem, Respondent, *v.* EUGENE A. CHASE, as Sole Executor, etc., of CHRISTOPHER J. BABCOCK, Deceased, Appellant.

*Contract* — *change of Christian name a sufficient consideration* — *a promise to parents for the benefit of their child* — *the child may enforce it.*

The complaint in an action alleged that the plaintiff was born on the 28th day of October, 1875, and was christened Catharine, and continued to be called Catharine Babcock until February, 1876, when her grandfather, the defendant's testator, Christopher J. Babcock, desired her parents to change her name from ·Catharine to Harriet, and promised her and her parents for her that if this was·

done he would pay to and leave her by his will $500; that her name was changed in pursuance of such agreement, and was retained as changed, and that the decedent did not pay her any part of the said sum of $500, nor leave her that amount by his will.

*Held,* that the change of name was a sufficient consideration for the promise;

That the plaintiff could sue upon the promise;

That it was made for her benefit, and that because of her relationship to the promisees, her parents, and by reason of her connection with the consideration, there resulted a sufficient privity between her and the promisees to enable her to enforce it.

APPEAL by the defendant, Eugene A. Chase, as sole executor, etc., of Christopher J. Babcock, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chenango on the 19th day of April, 1895, upon the decision of the court rendered after a trial at the Broome Special Term overruling the defendant's demurrer interposed to the plaintiff's complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*Norman M. Allen,* for the appellant.

*D. L. Atkyns,* for the respondent.

MERWIN, J.:

It is alleged in the complaint that the plaintiff was born on the 28th of October, 1875, and soon after her birth was by her parents named Catharine and so christened; that she was called and her name continued to be Catharine Babcock until February, 1876, when Christopher J. Babcock, the defendant's testator and the grandfather of the plaintiff, requested and urged her parents to change her name from Catharine to Harriet, which they were unwilling to do; that the decedent desired such change as the name of Harriet was a favorite name with him, and he desired it should be kept in the family; that thereupon the decedent, in consideration that the parents of the plaintiff would change the name of the plaintiff from Catharine to Harriet, promised and agreed to and with the plaintiff and with her parents for her use and benefit that he would at his death, and in and by his last will and testament, pay to, leave for and give to the plaintiff the sum of $500; that the

parents of the plaintiff in consideration of such promise of the decedent agreed to make the proposed change, and thereupon immediately, in performance of their said promise, did change the name of the plaintiff from Catharine Babcock to Harriet Babcock, and from that time to the present that has been her name; that the decedent did not perform the agreement on his part, and did not pay to, leave for or give to the plaintiff the sum of $500, or any sum, by his will, which has been duly admitted to probate and letters issued to the defendant, the executor therein named; that the decedent by his will gave all his property to other parties and made no provision for the plaintiff. Judgment is demanded for $500 and for such other relief as shall be just and equitable.

It is claimed by the appellant: (1) That there was no consideration for the promise with which it is sought to charge the estate of the testator, and (2) that there was no privity of contract between the testator and the plaintiff, and that the plaintiff cannot, therefore, enforce the promise of the testator to plaintiff's parents.

1. In *Wolford* v. *Powers* (85 Ind. 294) it was held that a promissory note, executed in consideration of a parent naming a child after the maker of the note, and in pursuance of a promise made by him that if the child were so named he would provide generously for its education and support in life, is based on a sufficient consideration. In that case it is said: "The surrender at the intestate's request of the right or privilege of naming the appellant's child was the yielding of a consideration. The right to give his child a name was one which the father possessed, and one which he could not be deprived of against his consent. If the intestate chose to bargain for the exercise of this right he should be bound, for by his bargain he limited and restrained the father's right to bestow his own or some other name upon the child. We can perceive no solid reason for declaring that the right with which the father parted at the intestate's request was of no value. It is difficult, if not impossible, to invent even a plausible reason for affirming that such a right or privilege is absolutely worthless. The father is the natural guardian of his child, and entitled to its services during infancy, and within this natural right must fall the privilege of bestowing a name upon it. In yielding to the intestate's request, and in consideration of the promise accompanying it, the appellant certainly suffered

some deprivation and surrendered some right. * * * It will not do to say that the bestowal of a name is a valueless act, and if once it be granted to be of some value, then, in the absence of fraud and oppression, it must be held to possess the value placed upon it by the contracting parties." In *Diffenderfer* v. *Scott* (32 N. E. Rep. 87) it was held, following the *Wolford* case, that naming a child after the maker of a note is a sufficient consideration for the note given to the child.

In general a waiver of any legal or equitable right at the request of another party is a sufficient consideration for a promise. (Parsons on Contracts [8th ed.] *444.)

It is said: "A valuable consideration in the sense of the law may consist either in some right or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility, given, suffered or undertaken by the other." (*Currie* v. *Misa*, L. R. [10 Exch.] 162)— referred to in *Hamer* v. *Sidway* (124 N. Y. 545), where it also said that courts " will not ask whether the thing which forms the consideration does in fact benefit the promisee or a third party, or is of any substantial value to any one. It is enough that something is promised, done, forborn or suffered by the party to whom the promise is made as consideration for the promise made to him." It is also said, quoting from Pollock on Contracts, 166, that " consideration means not so much that one party is profiting as that the other abandons some legal right in the present, or limits his legal freedom of action in the future as an inducement for the promise of the first."

In *Hamer* v. *Sidway* (*supra*) a promise to pay the promisee $5,000 if he would refrain from drinking liquor, using tobacco, swearing, and playing cards or billiards for money until he should become twenty-one years of age, was held to be based on sufficient consideration. A similar view was taken in *Lindell* v. *Rokes* (60 Mo. 249). In *Earle* v. *Angell* (157 Mass. 294) it was held that a promise to pay the promisee $500 if he would attend the funeral of the promisor was enforcible.

In view of the doctrine of the *Wolford* case and the general principle enunciated or approved in the *Hamer* case, we are of the opinion that a sufficient consideration is alleged for the promise of the decedent. There is no question here about the adequacy. (*Earl* v. *Peck*, 64 N. Y. 598.) That has been fixed by the parties.

2. Can the plaintiff enforce the promise? It was made expressly for her benefit, and by reason of the relationship between her and the promisees, and also by reason of her connection with the consideration there was such a privity between her and the promisees that she had a right to enforce the contract. This view is sustained by authority. In 1 Comyns' Dig. (5th ed., p. 310, note) the rule is stated : " Where one for whose benefit a contract has been expressly made is nearly related to the party from whom its consideration moves, either may sue for the breach of it, though the pendency of either's suit will preclude the other's action." This is based mainly on the case of *Dutton* v. *Poole* (2 Levinz, 210), where the right of the child to sue was asserted. The authority of that case has been often recognized. (*Shepard* v. *Shepard*, 7 Johns. Ch. 63 ; *Todd* v. *Weber*, 95 N. Y. 193 ; *Knowles* v. *Erwin*, 43 Hun, 152 ; affd., 124 N. Y. 633 ; *Sackett* v. *Sackett*, 14 N. Y. St. Repr. 253.) The principle that relationship may be the basis of a privity sufficient for the action is also recognized in *Bogardus* v. *Young* (64 Hun, 405) ; *Coleman* v. *Hiler* (85 id. 547). In *Vrooman* v. *Turner* (69 N. Y. 283, 284) it is said : " To give a third party who may derive a benefit from the performance of the promise, an action, there must be, *first,* an intent by the promisee to secure some benefit to the third party, and, *second,* some privity between the two, the promisee and the party to be benefited, and some obligation or duty owing from the former to the latter which would give him a legal or equitable claim to the benefit of the promise or an equivalent from him personally." The plaintiff here has certainly an equitable claim to the benefit of the promise. The plaintiff's parents acted for her as well as for themselves in the transaction. They owed her a duty in that regard from which it may well be said a privity arose sufficient for the maintenance of the action.

The case of *Townsend* v. *Rackham* (143 N. Y. 516), cited by the appellant, related to a matter widely different from the present, and the general rule there stated had no reference to the somewhat exceptional cases like the one now under review. We are of the opinion that upon the facts alleged the plaintiff had a right to sue.

It is suggested by the appellant that no damages are alleged. If there was a breach of the contract, there was at least nominal dam-

ages. Besides, the allegation of the complaint is that the decedent would pay to the plaintiff the specified amount.

We are of the opinion that a cause of action is alleged.

HARDIN, P. J., and PARKER, J., concurred.

Interlocutory judgment affirmed, with costs, with leave to defendant to answer in twenty days upon payment of the costs of the demurrer and of the appeal.