THE GLENS FALLS GAS LIGHT COMPANY, Appellant, *v.* BENJAMIN VAN VRANKEN and JAMES DUELL, Respondents.

*Injury to gas pipes by a village contractor — contract for the benefit of another — when an action may be brought by the beneficiary — what relation between promisee and beneficiary is necessary.*

In laying a sewer in a village street the contractors with the city injured the pipes of a gas company authorized to supply the village with gas. The contract under which the work was done required the contractors to make all necessary provisions to protect gas pipes: to be responsible in damages for all their operations, and, if injury occurred in digging about the gas pipes, to pay the cost of repair.

On the trial of an action brought by the gas company against the contractors the court found that the defendants had used reasonable care to protect the plaintiffs' pipes, and that, though they had been injured, the defendants were not liable for such injuries.

*Held*, that the defendants would have been liable for the damage done had they not acted under a contract with the village, and that the defendants could not as against the plaintiff justify their acts under the contract without performing the promises contained therein for the plaintiff's benefit;

That as it was not clear that the village would not itself have been liable had it done the work, it had an interest in the due performance of the promise by the defendants to compensate the gas company;

That, consequently, the plaintiff might sue upon the contract under the rule which permitted a person not a party to a contract to sue upon it where the promisee would be under a liability to him were it not performed.

APPEAL by the plaintiff, The Glens Falls Gas Light Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Warren on the 6th day of January, 1896, upon the decision of the court rendered after a trial at the Warren Special Term dismissing the plaintiff's complaint upon the merits.

*J. A. Kellogg*, for the appellant.

*S. & L. M. Brown*, for the respondents.

MERWIN, J. :

In June, 1854, the plaintiff was duly incorporated under the provisions of chapter 37 of the Laws of 1848, entitled " An act to authorise the formation of gas light companies." Its object was

the manufacture and sale of gas for the purpose of lighting the streets and public and private buildings in the village of Glens Falls, and the term of its existence was fifty years. Soon after its incorporation, and with the consent of the municipal authorities of the village, it laid down a system of gas pipes in the streets of the village, and since that time it has been engaged in manufacturing gas and supplying it to its customers through such system.

On the 4th day of August, 1892, the village, through its duly constituted authorities, entered into a written contract with the defendants, by which the defendants, for the considerations therein stated, agreed to construct in the village a system of sewers as specified in the contract, and a portion of the sewers so to be constructed passed through streets in which the gas pipes of the plaintiff had been laid.

The sewers called for by the contract were constructed in 1892 and 1893, and in such construction, as the plaintiff claims, its pipes were greatly injured by the defendants and the plaintiff suffered great damage in the injury or destruction of pipes, in the cost of repair and in loss of gas. These damages the plaintiff in this action seeks to recover.

It was found by the trial court that the defendants in the construction of the work employed for such purposes the proper means and appliances, and used reasonable care to avoid doing any injury to the plaintiff's gas pipes and business; that "nevertheless the gas pipes of the plaintiff, lying within the sides of the trenches which the defendants dug in the performance of their said contract, or lying near thereto, were broken and injured in many places in the course of said construction, and in some places following the construction and because of it, and the plaintiff's gas leaked and escaped from such breaks and injured places, thereby causing the plaintiff damage."

The court also found that "for such breaking, injuries and damage the defendants are in no wise liable to the plaintiff," and thereupon dismissed the complaint. In effect it was held that the defendants were not negligent, and, therefore, not liable.

On the part of the plaintiff it is claimed that the finding that the defendants were not negligent is against the weight of the evidence, and that also, even if the defendants were not negligent, still they

are liable, because (1) the rights of the plaintiff were actually invaded and its property destroyed by the defendants, and their contract with the village furnishes them no justification therefor, and (2) the defendants were liable to the plaintiff directly under the provisions of their contract with the village.

By the contract it is, among other things, provided as follows: " The contractor is to make all provisions necessary to maintain and protect buildings, lands, fences, water pipes, gas pipes, sewers, drains, culverts, railways and other structures; and to repair all damages done to sub-structures.   *   *   *

" In digging about water service and gas pipes, the contractor must exercise special care, and if injury is caused the cost of repairing must be paid by the contractor.   *   *   *

" The contractor shall be responsible for all damages to land owners for loss of crops or cattle, or injury thereto, if occasioned or effected by the construction of the work or through the negligence of any of his agents or workmen, and he shall be held responsible for all damages which may be done to property or persons in the blasting of rock or other operations carried on by him, and he must assume all risks and contingencies, whether from fire, water, or any other cause, which may arise during the prosecution of the work."

It may, I think, be assumed that the defendants would be liable for such injuries to plaintiff's property as were attributable to the construction by defendants of the work, unless the defendants are protected by their contract with the village.   The defendants had no right to dig up the street, except as authorized by the contract.   The plaintiff's property was lawfully in the street.

Can the defendants shield themselves under this contract and injure plaintiff's property, and still say that they are not liable under its provisions, which were evidently made for the benefit of the plaintiff and those in a like position ?   Can they do acts which without the contract would be wrongful, and with it are authorized only on condition that they compensate the parties injured ?   Is their justification complete and available as a defense until they perform as the instrument of justification requires ?

The plaintiff was not a party to this contract, and the defendants claim, and the court below held, that there was no such relation or privity between plaintiff and the village as would give the plaintiff

the benefit of the promise of defendants.  The defendants argue that in no event would the village have been liable to the plaintiff.

" Municipal corporations, engaged in the performance of works of a public nature authorized by law, are not liable for consequential damages occasioned thereby to others, where private property is not directly encroached upon, unless such damages are caused by misconduct, negligence or unskillfulness." (*Atwater* v. *Trustees, etc.,* 124 N. Y. 602.)

A like principle was applied in *Benner* v. *Atlantic Dredging Co.* (134 N. Y. 156), and *Booth* v. *R., W. & O. T. R. R. Co.* (140 id. 267).  In neither of those cases was there deemed to have been an actual invasion of the plaintiff's rights.  In the *Benner* case it is said (p. 161) : " But this is not a case of taking private property, or of direct, but is of consequential injury."  In the *Booth* case it is said (p. 280) : " There was no technical trespass."  Both of these cases were for injuries from jarring the ground by blasting on other property.

It is not entirely clear that in the present.case there was no such direct invasion of plaintiff's rights, that the village, if it had itself done the work, would not have been bound to have made compensation.  If so, and the contract authorized such invasion, then the city was interested in the performance by defendants of their promise for the benefit of plaintiff to compensate for such invasion.  If the contract did not authorize such invasion, then the defendants would not to that extent be protected by it against an appropriate action by plaintiff.

In *Matter of Petition of Johnson* (103 N. Y. 260), which was a proceeding to vacate an assessment for constructing a sewer in the city of New York, there was, among the items of expenditure included in the assessment, a sum awarded to a gas light company for the expense of removing and relaying the gas pipes of the company, rendered necessary by the construction of the work.  This was held to be proper, as by a city ordinance it was made the duty of the company in such case to remove its pipes, and the same ordinance declared that all expenses or damage incurred or sustained by the company should form a portion of the expenses of the sewer and be assessed and collected in the same manner as the other expenses.  In *Matter of Deering* (93 N. Y. 361) a similar item was

disallowed, the assessment in that case being for regulating and grading a street and there being no ordinance of the city applicable to the case. In *Matter of Houghton* (20 Hun, 395) it seems to have been assumed that the contractor was, under his contract, responsible to a gas light company for any damage to the pipes or mains done by the work or resulting from it.

Here, instead of an ordinance, we have a contract between the village and the defendants by which the defendants agree to pay to the plaintiff an item of expense, which, according to the *Johnson* case, the municipal corporation had a right to charge by ordinance upon the property owners for the benefit of the plaintiff. If so, the village and through it the property owners have some interest in the performance of the contract.

The general rule is that where a promise is made by one person to another for the benefit of a third, in the absence of any liability of the promisee to such third person the latter cannot enforce the promise. (*Townsend* v. *Rackham*, 143 N. Y. 516.) In some cases it has been said or intimated that an equitable claim to the benefit of the promise is sufficient. (ALLEN, J., in *Vrooman* v. *Turner*, 69 N. Y. 280, 284; *Gifford* v. *Corrigan*, 117 id. 257, 265; *Babcock* v. *Chase*, 92 Hun, 264, 268.) A broader rule is laid down in regard to contracts with the State. This is stated as follows in *Little* v. *Banks* (85 N. Y. 263): "Contractors with the State, who assume, for a consideration received from the sovereign power, by covenant, express or implied, to do certain things, are liable, in case of neglect to perform such covenant, to a private action at the suit of the party injured by such neglect, and such contract inures to the benefit of the individual who is interested in its performance." A number of decisions are cited, and they are said to be founded on the broad principle of public policy essential to the public welfare. The *Little* case was an action to recover damages for the violation of a contract made between defendant and certain officers of the State for the publication and sale of the reports of the Court of Appeals. The statute under which the officers acted authorized a contract to be entered into with the person or persons who should agree to publish and sell the reports on terms the most advantageous to the public. The contract required the defendant to furnish to applicants at a certain price any volume in quantities not exceeding 100

copies to each applicant, and that, upon failure to do so, the defendant should forfeit and pay a certain fixed sum as liquidated damages, to be sued for and received by the person aggrieved. The defendant having failed to supply the plaintiff as required by the contract, the plaintiff sued for the damages fixed by the contract. It was held that he could maintain the action and recover the damages fixed by the contract. It will be observed that the statute did not fix the damages, but that was fixed in the contract by virtue of the power given to the State officers to provide for such terms as would be most advantageous to the public.

The *Little* case goes far toward establishing the right of the plaintiff to the benefit of defendants' contract with the village authorities. It was entered into in pursuance of statutory authority and for the benefit of the public, and there is no question made as to its validity. The village authorities in a measure represented all who would be affected by the construction of the improvement. The plaintiff had been in possession for forty years, and the village recognized its right to be protected. The terms of the contract were such as were deemed by the village authorities to be most advantageous to the public. The defendants received the consideration for their covenants. No good reason is apparent why they should not perform.

I am of the opinion that the defendants cannot as against the plaintiff justify under the contract without performing the promises intended for the plaintiff's benefit, and that the plaintiff is entitled in this action to the benefit of those promises. If this be so, the plaintiff is entitled to a new trial, and it is not necessary to consider here the question whether the evidence sustains the finding that defendants exercised reasonable care. That would not be a defense to their positive covenants. No question is made about the pleadings.

All concurred, except LANDON, J., not sitting.

HERRICK, J.:

When a mere naked franchise or permit has been granted by municipal authorities for the use of the streets, I do not think such municipal authorities are liable, in the absence of negligence, for

any incidental damages to those enjoying such franchise or permit, which have resulted from the making of any street improvements or other public work involving the disturbance of the street by such authorities, and hence that in this case the village would not have been liable for plaintiff's damages had the work in question been performed by them.

But I think public authorities may make contracts for the protection of citizens within their jurisdiction, and that any such citizen injured by a breach of such a contract may maintain an action for his damage. I, therefore, concur in the result of Mr. Justice MERWIN's opinion.

Judgment reversed and a new trial ordered, costs to abide the event.