C. EUGENE SEAGER, JR., and FREDERICK H. SEAGER. Appellants, *v.* NELLIE THOLENS and Others, Respondents,

Fourth Department, March 20, 1918.

Contract — suit by adult heir apparent to enforce alleged contract made between ancestors — when heir apparent has no standing to maintain action — parent and child — mother's contract to provide support for infant children.

An adult grandchild as heir apparent and next of kin of a grandmother still living has no standing to maintain a suit in equity for the specific performance of an alleged contract whereby the grandmother agreed for a valuable consideration to devise or convey certain property received from her husband's estate to the plaintiffs' deceased mother, or, in the event of the mother's death, to devise or convey the same to the plaintiffs, it being also alleged that a conveyance of the property by the grandmother to other persons was made without consideration and induced by fraud and undue influence at a time when the grandmother was incompetent.

A complaint setting out the facts aforesaid does not state a cause of action, there being no allegation that the plaintiffs were parties to the contract, or furnished the consideration, or were privies to it, or that the contract was made for their benefit, etc.

The mere kinship of the plaintiff to the parties to the contract is insufficient to give him a standing to enforce it unless the mother was under some duty or obligation to him which, by such contract, she undertook to discharge.

*It seems,* that a mother's contract with a third party to provide support for her infant children can be enforced by her children, but the fact of infancy, from which alone the mother's obligation springs, must be alleged.

MERRELL and LAMBERT, JJ., dissented, with opinion.

APPEAL by the plaintiffs, C. Eugene Seager, Jr., and another, from a judgment of the Supreme Court in favor of the defend-

ants, entered in the office of the clerk of the county of Onondaga on the 23d day of May, 1917, upon a dismissal of the complaint at the opening by direction of the court, the defendants having then moved for judgment on the pleadings on the ground that the complaint did not state facts sufficient to constitute a cause of action, with notice of an intention to bring up for review the order dismissing the complaint entered in said clerk's office on the 21st day of May, 1917, as amended by an order entered on the 2d day of June, 1917.

*George F. Park,* for the appellants.

*Ceylon H. Lewis,* for the respondents.

FOOTE, J.:

The complaint as construed by plaintiffs' counsel seeks specific performance of an alleged contract between the defendant Nellie Tholens, the grandmother of plaintiffs, and Nellie Tholens Seager, deceased, who was plaintiffs' mother. The other defendants are children of the defendant Nellie Tholens.

The complaint alleges that Peter Tholens died September 20, 1900, leaving him surviving his widow, the defendant Nellie Tholens, and his children, the defendants Elizabeth C. Tholens, Charles P. Tholens and Eugene A. Tholens, and Susanne Tholens and Nellie Tholens Seager, his only heirs at law and next of kin; he owned two pieces of real property in the city of Syracuse which, by his will, he devised to his widow, the defendant Nellie Tholens; that while this devise was absolute in form, the true intent of the testator was that the property should go to said Nellie Tholens during her natural life and upon her death to her heirs; that in September, 1914, defendant Nellie Tholens conveyed one of these parcels of land in exchange for another parcel in the same vicinity, and subsequently and about May 2, 1915, conveyed to her codefendants the remaining parcel and the parcel received by her on such exchange. It is alleged that this last conveyance was obtained from said Nellie Tholens by her codefendants without consideration and by fraud and undue influence and at a time when she was incompetent to transact business, and the title now remains in said other defendants. It is further

alleged that plaintiffs' mother, Nellie Tholens Seager, died intestate December 8, 1906, leaving her surviving the plaintiffs, her only children and heirs at law; that before her death and after the death of said Peter Tholens, a contract was made between Nellie Tholens and Nellie Tholens Seager with reference to such real property. It is by virtue of this contract that plaintiffs claim to have a standing to maintain this action. We quote in full the allegation in reference to this contract:

" *Ninth.* On information and belief, that after the death of the said Peter Tholens, his said widow, the defendant Nellie Tholens, for a valuable consideration, agreed with her daughter Nellie Tholens Seager, now deceased, the mother of these plaintiffs, to devise or convey the said property, or her undivided share therein to her, or in the event of her death to devise or convey the same to these plaintiffs and particularly to the plaintiff C. Eugene Seager, Jr."

It is also alleged that the defendants, other than the defendant Nellie Tholens, have repeatedly admitted that Peter Tholens intended to devise his property as above stated and consented and acquiesced in such disposition thereof, and have repeatedly recognized the alleged interest of the plaintiffs herein " and consented and agreed that upon the death of the defendant Nellie Tholens, the plaintiffs should receive and become the owners of the interest claimed by their deceased mother in such property."

The relief demanded is: *First.* That it be adjudged that the execution of the deeds by the defendant Nellie Tholens to her codefendants was obtained by fraud and undue influence and were void, and that they be delivered up and canceled. *Second.* If said deeds are adjudged to be valid, then the defendants other than the defendant Nellie Tholens be ordered and directed to convey one undivided fourth part of said premises to the plaintiffs, or such other right or interest therein as they are entitled to. *Third.* That defendants be enjoined from disposing of the property during the pendency of the action. *Fourth.* That defendants be required to account for the rents and profits. *Fifth.* That plaintiffs have such other and further relief as shall be just and equitable.

The defendants by their answer put in issue the allega-

Fourth Department, March, 1918. [Vol. 182.

tions as to the intention of Peter Tholens, the contract between Nellie Tholens and Nellie Tholens Seager, the fraud and undue influence, and incompetency of Nellie Tholens, and, in fact, all the allegations upon which plaintiffs base their right of recovery, except the fact that Nellie Tholens did make the exchange of one parcel of real estate and had conveyed the other parcel and the one received in exchange to her codefendants.

According to the construction placed upon the complaint by plaintiffs' counsel, the only cause of action alleged is for specific performance of the alleged contract. He concedes that the plaintiffs would have no standing independent of that contract to maintain an action as heirs at law of their mother to set aside the deeds which Nellie Tholens has made to her codefendants, even though they were obtained by fraud and undue influence.

Such a cause of action can be asserted only by Nellie Tholens while she lives, or a committee of her estate if she is adjudged incompetent. But the claim is that these allegations are proper as showing grounds for the present enforcement of the contract.

We need to consider only the question as to whether the complaint states a cause of action for the specific performance or other enforcement of the alleged contract.

We think it is insufficient. It seeks enforcement of an alleged contract between the defendant Nellie Tholens, the grandmother of plaintiffs, and Nellie Tholens Seager, deceased, who was plaintiffs' mother.

The contract alleged is that " the defendant Nellie Tholens, for a valuable consideration, agreed with her daughter Nellie Tholens Seager, now deceased, the mother of these plaintiffs, to devise or convey the said property, or her undivided share therein to her, or in the event of her death to devise or convey the same to these plaintiffs and particularly to the plaintiff C. Eugene Seager, Jr."

It is not alleged that plaintiffs were parties to the contract or furnished the consideration or were privies to it. On the contrary, the plain import of the allegation is that the valuable consideration for the promise proceeded from the promisee, Nellie Tholens Seager, alone. Nor is it alleged that

the contract was made for the benefit of plaintiffs, or that at the time plaintiffs' mother was under any equitable or legal liability or obligation to plaintiffs which the contract was intended to fulfill. It is not alleged that plaintiffs, or either of them, were then infants entitled to support from their mother.

That performance of the contract would benefit plaintiffs is not alone sufficient to give them a standing to enforce it; nor is their kinship to the parties sufficient, unless their mother was under some duty or obligation to them which by the contract she undertook to discharge.

A mother's contract with a third party to provide support for her infant children can, no doubt, be enforced by the children, but the fact of this infancy from which alone the mother's obligation or duty springs must be alleged.

So far as appears from this complaint, no such obligation or duty exists. The mother owed no legal duty to plaintiffs to provide them with an inheritance, and this seems to have been the object of her contract.

On the face of this complaint, plaintiffs are volunteers seeking to enforce a contract between other parties in which they have no legal interest. The following authorities, we think, support these views: *Durnherr* v. *Rau* (135 N. Y. 219); *Vrooman* v. *Turner* (69 id. 280); *Townsend* v. *Rackham* (143 id. 516); *Sullivan* v. *Sullivan* (161 id. 554); *Gates* v. *Hames* (8 N. Y. Supp. 287). In so far as the decision in *Babcock* v. *Chase* (92 Hun, 264) is predicated upon the relationship of the parties, it is not in harmony with *Durnherr* v. *Rau* (*supra*) and *Buchanan* v. *Tilden* (158 N. Y. 109) where the relation of husband and wife was considered as alone insufficient. The decision in *Babcock* v. *Chase* is, however, well supported upon other grounds. (See *Gardner* v. *Denison*, 217 Mass. 492; 51 L. R. A. [N. S.] 1108, and cases cited in note.)

The judgment and order should be affirmed, with costs.

All concurred, except LAMBERT and MERRELL, JJ., who dissented in an opinion by MERRELL, J.

MERRELL, J. (dissenting):

Peter Tholens, a resident of the city of Syracuse, died in September, 1900, leaving him surviving the defendant Nellie

Tholens, his widow, and five children, the defendants Elizabeth
C. Tholens, Charles P. Tholens and Eugene A. Tholens,
and Susanne Tholens and Nellie Tholens Seager.   Of these
five children, but three, the defendants above mentioned,
were living at the time of the commencement of this action.
The daughter Nellie Tholens Seager died intestate in the year
1906, leaving two sons, C. Eugene Seager, Jr., and Frederick
H. Seager, the plaintiffs in this action, her only children her
surviving.   The other daughter, Susanne Tholens, never mar-
ried, and died intestate in the year 1914 without leaving
descendants.   At the time of his decease Peter Tholens was
the owner of two pieces of real property situate on East Genesee
street in the city of Syracuse of considerable value.   He owned
his residence on said street and also another parcel on East
Genesee street near Cherry street.   He died leaving a last
will and testament which has been duly admitted to probate in
the Surrogate's Court of Onondaga county, wherein he devised ·
and bequeathed to his wife, the defendant Nellie Tholens,
absolutely, all of his property and estate.   In September,
1914, the widow conveyed the parcel of real property on
East Genesee street near Cherry street and received in exchange
therefor certain other real property in the city of Syracuse
situate on Trinity place in said city, and thereafter, in May,
1915, the widow, by two separate deeds, conveyed to her
living children, the defendants Elizabeth C. Tholens, Charles
P. Tholens and Eugene A. Tholens, both pieces of property
of which she was then seized, to wit, the family residence on
East Genesee street and the Trinity place property above
mentioned.   The foregoing facts are undisputed.

The plaintiffs, in their complaint herein, attack the validity
of the devise of the two parcels of real property in the will of
Peter Tholens to his widow, and allege that while the devise
appears to be absolute upon its face, the true intent of the
testator was that the property should go to the defendant
Nellie Tholens during her natural life and upon her death
that the same was to go to her heirs.

The plaintiffs further allege and set forth an agreement
between the widow, the defendant Nellie Tholens, and her
daughter Nellie Tholens Seager, now deceased, to devise or
convey, upon a valuable consideration, said real property

which came to her under the will of her said husband, or her undivided share therein, to the said Nellie Tholens Seager, or, in the event of her death, to devise or convey the same to her two sons, the plaintiffs in this action, and particularly to the plaintiff C. Eugene Seager, Jr.

The plaintiffs further allege that the defendants Elizabeth C. Tholens, Charles P. Tholens and Eugene A. Tholens consented to and acquiesced in such proposed disposition of said property and consented and agreed that upon the death of their mother, the defendant Nellie Tholens, the plaintiffs should receive and become the owners of the interest claimed by their deceased mother in said property.

In their complaint plaintiffs further allege that the said defendants, children of said Peter Tholens, have, since the latter's death, and particularly since the death of Susanne Tholens, obtained complete control and mastery over the mind and property of their mother, and that the deeds which they have obtained from their said mother were obtained through undue influence exercised over her at a time when she was incompetent to manage herself or her affairs, and that said conveyances were obtained with a fraudulent intent and design of cheating, defrauding and depriving these plaintiffs of their interest in said property, and that the said conveyances were obtained from the said widow without any consideration therefor; and that the said defendant Nellie Tholens has willfully, wrongfully and fraudulently deprived these plaintiffs of their individual right and interest in the property mentioned, and that said conveyances were made and obtained in fraud of plaintiffs' rights and to their great damage, for which they have no adequate remedy at law.

Plaintiffs, in their prayer for relief, ask, first, that it be adjudged that the execution and delivery of said deeds by the defendant Nellie Tholens to her codefendants be in fraud of the rights of these plaintiffs, and that the same were obtained by fraud and undue influence, and were not the free act and deed of said defendant Nellie Tholens, and that the same were and are void, and that they and the record thereof be canceled.

The complaint also further asks that if the aforesaid deeds be adjudged to be valid, then the codefendants of said widow be

ordered and directed to convey and transfer to plaintiffs an undivided one-fourth of said premises or such other right or interest therein as they may be entitled to.

The complaint also asks injunctive relief pending the action forbidding the disposition of said real property by said defendants or any interference therewith, and that a receiver be appointed to hold and preserve the same during the pendency of the action, and that the defendants account for said real property and the use and income thereof during the pendency of the action.

The defendant Nellie Tholens answered separately, her codefendants uniting in a separate answer. The answers admit the allegations of the complaint relative to the death and property of said Peter Tholens, and as to his survivors, the probate of his will and the subsequent conveyance of his property made by his widow as above detailed. The defendants specifically deny any agreement between the widow and the daughter Nellie Tholens Seager, as alleged in plaintiffs' complaint, and deny any undue influence on the part of the codefendants of said Nellie Tholens resulting in the conveyances mentioned, and deny the incompetency of said defendant Nellie Tholens at any time, or of any persuasion exercised upon her by her codefendants.

The answers further attack the validity of the alleged agreement between the defendant Nellie Tholens and the daughter Nellie Tholens Seager set forth in plaintiffs' complaint, upon the ground that the same was not in writing, and did not conform to the requirements of the statutes of the State as a contract for the conveyance of real property.

The defendants further allege that, at the time of her death, the said Nellie Tholens Seager died intestate leaving not only the plaintiffs, her sons, but one C. Eugene Seager, her husband, her surviving, and that the said C. Eugene Seager, upon the death of the said Nellie Tholens Seager, became entitled to an estate by the curtesy in any real property or interest therein of which his said wife died seized, and that, therefore, any right or interest in the property in dispute in this action is held and owned during his lifetime by the said C. Eugene Seager as tenant by the curtesy, and that he is a proper and necessary party to this action, and that by failure to join

him as a party plaintiff or defendant there is a defect of parties to this action.

The defendants also allege that the plaintiffs have an adequate remedy at law herein.

The defendants further allege that any rights to which the plaintiffs may be entitled do not belong to them individually, but are personal property and assets belonging to the estate of said Nellie Tholens Seager, deceased, and passed to her administrators and personal representatives upon her death, and that the plaintiffs are, therefore, not entitled to maintain this action.

The respondents assume that this action primarily was one to set aside the deeds in question as fraudulently obtained by the defendant children of Peter Tholens through undue influence exercised upon their mother, the defendant Nellie Tholens, and insist that the plaintiffs have no present right of action to set aside or cancel the deeds executed by the defendant Nellie Tholens during her lifetime on the ground of undue influence and lack of mental capacity or insanity on her part. Respondents invoke the well-settled rule that contracts made by incompetent persons are voidable and that they may be attacked only by the incompetent herself upon restoration to reason or by a committee duly appointed of her property and estate, or after her death by her privies in blood or estate. Under the well-settled law, plaintiffs, during the lifetime of their grandmother, cannot maintain an action to set aside these conveyances. (*Pritz* v. *Jones*, 117 App. Div. 648.)

While respondents are insisting that this action is to set aside conveyances by reason of fraud, as aforesaid, and while the complaint does demand the cancellation of said deeds as in fraud of plaintiffs' rights, the appellants insist that such was not the real object sought in this action, but that rather the action was brought to obtain specific performance of the alleged agreement on the part of their grandmother to convey or devise the real property in question to the mother of appellants, or, in case of her death, to convey or devise said real property to the appellants. The appellants claim that the allegations with reference to the undue influence exerted upon their grandmother by her codefendants were simply incidental, and that the main cause of action is to compel a

specific performance on the part of their grandmother of said agreement.

The action came on for trial at equity term, and at the opening of the trial the defendants moved the court upon the pleadings for a dismissal of the complaint on the ground that said complaint did not state facts sufficient to constitute a cause of action. This motion was granted, and an order entered dismissing the complaint, upon which the judgment appealed from was entered. No opinion was written by the learned trial court upon dismissing plaintiffs' complaint, but it may be assumed that one ground for dismissal was the fact that it did not appear in the complaint that the alleged agreement claimed by plaintiffs to have been made between the widow, Nellie Tholens, and their mother, Nellie Tholens Seager, was in writing, and that inasmuch as the agreement provided for the conveyance or devise of real property, under the statutes of the State, it or some note or memorandum thereof subscribed by the said Nellie Tholens and expressing consideration should have been in writing.

The appellants, replying to such criticism, say that the allegation of their complaint is sufficiently broad to enable them to prove a valid contract. The allegation upon which plaintiffs rely is as follows:

" *Ninth.* On information and belief, that after the death of the said Peter Tholens, his said widow, the defendant Nellie Tholens, for a valuable consideration, agreed with her daughter Nellie Tholens Seager, now deceased, the mother of these plaintiffs, to devise or convey the said property, or her undivided share therein to her, or in the event of her death to devise or convey the same to these plaintiffs and particularly to the plaintiff C. Eugene Seager, Jr."

Plaintiffs insist that under this allegation they have a right to go to trial and to present their proofs to establish the agreement upon which they rely. They insist that the plaintiffs' right rests upon a lawful agreement supported by a sufficient consideration, and failure of performance on the part of the defendant Nellie Tholens, and that upon this appeal the court must assume that the agreement was in fact valid and provable. We are inclined to think that the plaintiffs are right in this position. No effort was made on the part of the defendants

to obtain more definite or specific allegation as to the nature of the alleged contract, and we do not think the learned trial court could assume that the contract was not such as to meet the requirements of the statute and to be provable in the action. (*Miller* v. *Munroe*, 59 App. Div. 623; *Avery* v. *Lee*, 117 id. 244.)

It very likely might have developed upon the trial that the contract upon which plaintiffs rely was not in fact provable and did not conform to the requirements of the statute, and, if so, then the plaintiffs would have failed in establishing their cause of action and the complaint would have been dismissed upon the trial. But we do not think, at the opening of the trial and upon the pleadings themselves, that the learned trial court could properly say that the plaintiffs had failed to allege a provable contract for the conveyance or devise of real property.

The respondents further ask that the action of the trial court be sustained for the reason that the plaintiffs have no present right to maintain this action against the defendant Nellie Tholens and her children under the alleged agreement. The respondents insist that if such a contract was ever made, the plaintiffs are not presently in position to maintain an action to enforce it; that they were not parties to the alleged contract, and that no consideration moved from them to either of the parties to the contract, and that neither of the parties owed to them any legal or equitable duty or obligation.

This contention of the respondents may have some force when the evidence is before the court, but in view of the allegation that the agreement was made by the widow upon a valuable consideration, to convey or devise the property to these plaintiffs in the event of their mother's death, we do not think the trial court could properly say, upon the face of the pleadings, that the contract was without consideration, so far as these plaintiffs were concerned. It is very possible that the proofs might fail to show any consideration and the want thereof might result in a dismissal of the complaint, but such was not the condition at the time of the dismissal of the complaint upon the pleadings herein. It seems to us that the complaint is broad enough to permit proof of the privity of the plaintiffs to both the contract and the con-

sideration. As to whether plaintiffs' mother owed plaintiffs any legal or equitable obligation is a matter of proof upon the trial.

Criticism is particularly made to the complaint because it does not allege that there was a consideration moving between the promisee, Nellie Tholens Seager, and the plaintiffs for whose benefit it is alleged the agreement was made; that the complaint does not allege that there was any legal or equitable obligation on the part of the promisee to the plaintiffs, her children, which formed a consideration for the contract. I have no quarrel with the law cited in support of the contention that to uphold this agreement it must appear that the plaintiffs must have furnished the consideration or at least that they had some claim, legal or equitable, upon their mother, who obtained such promise for their benefit, and to satisfy which claim this promise was made. Failing in this upon the trial the plaintiffs must come to grief. But the question here is: Are not the allegations of the complaint sufficiently broad to permit proof of such necessary consideration, if in fact it did exist? The complaint alleges the making of the agreement between the widow of Peter Tholens and plaintiffs' mother "for a valuable consideration." It is true the complaint does not state that such valuable consideration moved between the promisee and the plaintiffs. But no more does it state that the valuable consideration upon which it was alleged the agreement rested was between the promisee and the widow. Had the latter been the fact then so far as these plaintiffs were concerned the contract was *nudum pactum*. The only "valuable consideration" that would support such an agreement would be a consideration due from the promisee to those for whose benefit the promise was made. We think we must assume that by reasonable implication and fair intendment the allegation implied such consideration. Invoking then the rule that upon a motion to dismiss the complaint because it does not allege facts sufficient to constitute a cause of action, every reasonable implication and fair intendment must be indulged in support of the pleading, is there much difficulty in concluding that when the plaintiffs alleged an agreement "for a valuable consideration" they could prove thereunder the only "valuable

consideration " that would support such an agreement, to wit, a consideration to which the plaintiffs were privy? We think not. Had the complaint alleged an executory agreement based upon a " good " consideration, *e. g.*, natural love and affection, it doubtless would have been unenforcible. (*Duvoll* v. *Wilson*, 9 Barb. 487; *Hadley* v. *Reed*, 34 N. Y. St. Repr. 949; *Fink* v. *Cox*, 18 Johns. 145.)

But a *valuable* consideration always implies an enforcible contract. The plaintiffs should have been permitted to present their proofs.

The respondents also insist that under the alleged agreement upon which the plaintiffs rely, the defendant Nellie Tholens would have her whole lifetime in which to convey or devise the property to the plaintiffs.

It is true that the complaint alleges an agreement on the part of Nellie Tholens to devise or convey the property or her undivided share therein to her said daughter, or, in the event of her death, to devise or convey the same to the plaintiffs, and particularly to the plaintiff C. Eugene Seager, Jr., and the complaint further alleges that the defendants Elizabeth C. Tholens, Charles P. Tholens and Eugene A. Tholens consented and agreed that upon the death of the defendant Nellie Tholens the plaintiffs should receive and become the owners of the said claim of their deceased mother in such property. From these allegations the respondents insist that there is no present right of action to compel specific performance on the part of the grandmother of the plaintiffs, and that such conveyance may be made at any time during her lifetime, or that she may by will devise the said property to these plaintiffs. The answer to that position is that by her said conveyance of the real property in question the defendant Nellie Tholens has put it out of her power and control to carry out the contract, and having thus put it beyond her power to convey or devise, the parties deprived thereby may bring their action without waiting for the death of their grandmother. Where a party has agreed to convey certain real estate to another upon a day certain, and before the arrival of the stipulated time of conveyance he makes conveyance to another, thus putting it out of his power to fulfill his contract, the party entitled thereunder to such

conveyance may seek redress before the arrival of the day at which conveyance was to be made. (*Heard* v. *Bowers*, 23 Pick. [Mass.] 455; *Taylor* v. *Bradley*, 39 N. Y. 129.)

Assuming that the contract upon which plaintiffs seek recovery herein and of which they ask specific performance was a valid and provable one under our statutes, then the acts of the defendant Nellie Tholens in conveying the property in question which she had agreed should be conveyed or devised to these plaintiffs, was in violation of their rights, and it would be manifestly unjust to ask, in view of her conveyance of the property, thus putting it beyond her power to fulfill her contract, that these plaintiffs should rest supinely until their grandmother's death before attempting to secure their rights. The conveyances which Nellie Tholens made would appear upon their faces to have been absolute, and nothing could have prevented a subsequent conveyance by her grantees to innocent purchasers to the deprivation of these plaintiffs of any right to said property.

It seems to us that in any event the plaintiffs might be presently entitled to injunctive relief restraining the interference with or incumbrance of the property in question.

For the purposes of this appeal we must assume as true any facts which might properly be proven under the allegations of the complaint, when supported by reasonable implication and fair intendment. (*Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493.)

It seems to us that the allegations of plaintiffs' complaint were sufficiently broad to entitle them to go to trial, and that under such allegations it might be possible for them to prove a valid contract.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellants to abide event.

LAMBERT, J., concurred.

Judgment affirmed, with costs.