Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

William F. O'Neill, for appellant.

William Vanamee, for respondent.

BARNARD, P. J. The facts in this case are substantially uncontradicted. The defendant company received a car load of lumber, consigned to one of its engineers. One Berry was erecting a creamery on the company's lands at his own expense. The lumber was delivered to Berry and his builder, one Terwilliger. They took possession of the car load of lumber, and Terwilliger, who was building by contract with Berry, proceeded to unload the lumber from the car. It was held in place by four stakes, two on each side, and these stakes were fastened on the top by cross pieces. Terwilliger commenced to unload by removing all these stakes and cross pieces, both sides. The man on the top of the lumber—one of Terwilliger's men—removed these stakes, and the lumber fell on the plaintiff's intestate, causing his death. The lumber was piled in separate piles in the car, and there was nothing to hold one pile to the other piles when the stakes were removed; and this is the only fact on which the plaintiff alleges negligence in the company. The nonsuit was property granted. The lumber was piled safely, and was securely bound together until the contractor destroyed this security. The company were not bound to so load its cars that no accident could happen in unloading it after the stakes were removed. The piling was plainly to be secured, and it was the height of imprudence not to notice the fact that a pile of boards as high as this was piled was liable to fall over if it was left without support. The company owed no duty to the deceased. Terwilliger was the contractor, and he must respond to him. Hexamer v. Webb, 101 N. Y. 377, 4 N. E. Rep. 755; McAlpin v. Powell, 70 N. Y. 126. The case is not like Thomas v. Henges, 131 N. Y. 453, 30 N. E. Rep. 238. There the defendant owed a duty to keep a derrick on a dock in safe condition, and he failed to do so. It was a dock free for those who had business to moor at and unload by means of this derrick. The derrick was left unsafe, and broke, and the owner was held liable to the party injured, although he had not any particular interest in the load which was being delivered at the dock. No negligence was proven, and the deceased is not shown to be free from contributory negligence, even if the owner owed him a duty in respect to the unloading of the car. Judgment and order denying a new trial affirmed, with costs. All concur.

---

PEOPLE ex rel. DOUGLAS v. VAN NOSTRAND, Supervisor, et al.

(Supreme Court, General Term, Second Department. July 28, 1893.)

TAXATION—REDUCING ASSESSMENT.

An assessment at $60,000 of relator's land, which the year before was assessed at $42,000, will not be reduced on the ground that it is propor-

tionately higher than other land in the town, where it appears that it had increased in value about 50 per cent. since the previous assessment, and that the parcels with which relator compared his land were assessed higher than relator's land in proportion to the values.

Appeal from special term, Queens county.

Certiorari by William P. Douglas to review the action of David L. Van Nostrand, as supervisor, Frederick H. Whiting, as town clerk, and Henry O. Ditmis, Oliver Crooks, and James M. Higgins, as assessors, of the town of Flushing, in assessing relator's land at $60,000. The assessment was sustained, and relator appeals.. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Howard A. Sperry, for appellant.
Benjamin W. Downing, for respondents.

BARNARD, P. J. The relator for some six years has been assessed for his lands in the town of Flushing, lying on Little Neck bay, and consisting of about 175 acres of land, at the sum of $42,-750. In 1891 the assessors raised the value as a basis of assessment to $60,000. This writ is brought to reduce the assessment on the ground that the assessment is unequal, and proportionately higher than that on other real estate in the town. The relator's witnesses testify that the value of the property is from $80,000 to $105,000. The defendants produce evidence that the value is $175,000, possibly $200,000. The proof shows that the property has risen in value 50 per cent. between the assessment of 1890 and the one complained of in 1891. The relator selected certain parcels of land on the assessor's books as a basis for the allegation of irregularity. The proof shows that these pieces are assessed higher in proportion to the values than the property of relator is. The proof entirely fails to show any reason for the reduction of the assessment. The order dismissing the writ should therefore be affirmed, with $10 costs, besides disbursements.