MURPHY v. CAREY et al.

(Supreme Court, General Term, Second Department. July 28, 1893.)

ACTION ON NOTE—DIRECTING VERDICT—CONFLICTING EVIDENCE.

In an action on notes made by defendant C. to the order of defendant G., and indorsed by him, the consideration of which was an old note made by C. to O., there being, on the one hand, evidence that the old note belonged to plaintiff, and that it was surrendered to C. at the time the notes sued on were given, and, on the other hand, evidence that O. owned the note at that time, and was to deliver it to C. when the indorsed notes were delivered, and that this was not done, it was error to direct a verdict for plaintiff.

Appeal from circuit court, Kings county.

Action by John G. Murphy against James F. Carey and James F. Gillen. Verdict was directed for plaintiff, and defendants appeal. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

J. Stewart Ross, for appellants.
James McKeen, for respondent.

BARNARD, P. J. This action is brought to recover the amount due upon three promissory notes, all made by the defendant Carey

to the order of defendant Gillen, and indorsed by him, all dated May 25, 1891, and maturing in three, six, and nine months from date. The defendants admit the making and indorsement of the notes as alleged, but the answer avers that at the time the notes were given to the plaintiff the defendant Carey was not indebted to him except in the sum of about $2,000, which has been fully paid by Carey. The answer does not plead the fact actually tried. It was proven that, on the day the notes in suit were given, there was a settlement of a claim in an action pending in favor of plaintiff against Carey alone. In this settlement, $2,100 was found to be due the plaintiff, and the parties, when they agreed upon the amount, also agreed to give time in which to pay this sum due, in certain monthly payments,—about $200 per month,— commencing June 1, 1891, and ending March 1, 1892. Presumably, these payments have been made; but upon the same day the settlement was made the notes in the present action were given, as has been stated, and they were given for an entirely different purpose. One Dugan owned a quarry property. He conveyed to one O'Brien, a brother-in-law of Murphy. He conveyed to Murphy & Co. Upon this transfer, Carey gave his note to O'Brien for $5,000, at plaintiff's request, as a "personal contribution" to Murphy, whatever that expression may mean. The notes of $750 each were given on this $5,000 note, and that was admittedly outside of the amount covered by the stipulation. The defendant Carey states that these $750 notes, with four others, were given to wipe out the $5,000 held by O'Brien, and that this large note was to be exchanged for the small ones, which has not been done. There seems to be no doubt but that the $5,000 note was the consideration of the notes sued upon. There is proof tending to show that plaintiff owned the $5,000 note at the settlement, and even tending to show that it was given up to Carey on the occasion. There is also proof tending to show that O'Brien owned the note at the time, and that the same was to be delivered up to defendant when the new indorsed notes were delivered. This was not done, and a case was made for the jury. The judgment should be reversed, and a new trial granted; costs to abide event. All concur.