# DECISIONS IN CASES NOT REPORTED.

## SECOND DEPARTMENT, MAY TERM, 1895.

James Busby, Plaintiff, v. Edward B. Jenks, as Receiver, etc., Defendant. — Judgment affirmed, with costs. No opinion. All concur.

William H. Van Arsdale, Respondent, v. George King, Appellant.—Order affirmed, with ten dollars costs and disbursements.— DYKMAN, J.: This is an appeal from an order of the Special Term denying a motion to vacate an order made at the Westchester County Special Term on the 6th day of December, 1890, granting leave to bring this action and to set aside and vacate all the proceedings subsequent thereto, including the judgment entered in this action. The great delay in making this motion would be a sufficient justification of its denial; but aside from the delay the motion was entirely destitute of merit. At most there was only irregularity in the original motion for leave to sue. The merits are all with the plaintiff and no injustice has been wrought. The order should be affirmed, with ten dollars costs and disbursements. Brown, P. J., and Cullen J., concurred.

John Ruddiman, Respondent, v. Reuben R. Barrett, Appellant. — Judgment and order affirmed, with costs. No opinion. Dykman, J., not sitting.

Joseph H. Newins and Another, Plaintiffs, v. H. Eckford Rose, Defendant. — Judgment affirmed, with costs. All concur. No opinion.— CULLEN, J.: I vote to affirm without opinion. The testimony of Seaman that he did not sell the goods to defendant was erroneously admitted against defendant's objection and exceptions and was a mere statement of conclusion. He did not state what the transaction was nor deny defendant's statement that nothing was said between them reserving the goods plaintiffs had sold Seaman.

Matter of the Petition of The Brooklyn Elevated Railroad Company, Appellant, Relative to Acquiring Property in the City of Brooklyn, v. William C. F. H. Voss, Owner of Parcel Number 10, Respondent.—Order affirmed, with costs. No opinion. All concur.

Tunis E. Butler, Appellant, v. Thomas Brown, Respondent. — Judgment affirmed, with costs.— DYKMAN, J.: This is an appeal by the plaintiff from a judgment rendered against him in favor of the defendant. The action was brought to recover the sum of $222 and interest thereon which at the time of the trial amounted to $275.98 for principal and interest. The indebtedness was not denied by the defendant, but he set up a counterclaim which amounted to $631.37 for principal and interest at the time of the trial. The counterclaim was for the amount due upon an account stated. The cause was tried before a judge of this court without a jury, and he has found that the counterclaim was established by the evidence and set off against the claim of the plaintiff sufficient to extinguish the same and directed judgment in favor of the defendant for the balance, which was

$494.94. The evidence sustains the decision, and justice has been done to both parties. There is no error in the record, and the judgment should be affirmed, with costs. Brown, P. J., and Cullen, J., concurred.

James Mulrein, Respondent, v. William Starr Miller, Appellant.—Judgment affirmed, with costs.— DYKMAN, J.: This is an action for labor and materials furnished by the plaintiff to the defendant upon a dwelling house of the latter under a special contract with him. There is also in the complaint a claim for damages resulting from the wrongful discharge of the plaintiff by the defendant. The cause was tried before a referee to hear and determine, and he decided as a conclusion of law that the plaintiff was entitled to recover from the defendant $3,573.93, besides the costs of the action. The referee found facts in detail which support the decision, and all the findings are fully sustained by the evidence. The defendant has appealed from the judgment entered upon the report of the referee, but the appeal is destitute of merit. There has been no violation of any principle of law, and an extended examination of the facts is unnecessary. The judgment should be affirmed, with costs. Brown, P. J., and Cullen, J., concurred.

In the Matter of the Petition of the Brooklyn Elevated Railroad Company, Appellant, Relative to Acquiring Title to Real Estate or a Right of Way on Lexington Avenue in the City of Brooklyn and County of Kings, v. Bertha Metzger, Owner of Parcel No. 136, Respondent.— Order affirmed, with costs. All concur. No opinion.

William Styne, Appellant. v. The New York, Lake Erie and Western Railway Company, Respondent.—Judgment affirmed, with costs. No opinion. Cullen, J., not sitting.

The People of the State of New York ex rel. William P. Douglas, Appellant, v. David L. Van Nostrand, as Supervisor, etc., and Others, Respondents.—Order affirmed, with costs.— DYKMAN, J.: This is an appeal from the final order in proceedings to review the action of the assessors of the town of Flushing in Queens county under the statute of 1880. We had a similar proceeding by the same relator against the same defendants in relation to this same property, before us at the July term in 1893. (71 Hun, 611.) The property was then assessed for $60,000, the same as now, and the proof of value, both actual and relative, was substantially the same as now. Such being the case, we are bound by our former decision, and the order should be affirmed, with costs. Cullen, J., concurred; Brown, P. J., not sitting.

The People of the State of New York ex rel. Garret Sarvent, Respondent, v. George C. Stephens and Others, Appellants, Assessors. —Order affirmed, with costs. All concur, except Brown, P. J., not sitting. No opinion.— CULLEN, J.: I vote to affirm without opinion. People v. Haupt (104 N. Y. 377) is decisive of the question involved in this appeal.