(19 Misc. Rep. 425.)

## ALEXANDER LUMBER CO. v. ABRAHAMS.

(City Court of New York, General Term.   February 23, 1897.)

PLEADING—ANSWER—AFFIRMATIVE DEFENSE.

None of the allegations of a complaint are controverted by an answer which contains no denials, but alleges new matter, which is not inconsistent with the paragraph of the complaint to which it is specifically directed, though it is inconsistent with other paragraphs.

Appeal from trial term.

Action by the Alexander Lumber Company against Levi Abrahams. From a judgment entered on an order of the trial judge dismissing the complaint, plaintiff appeals.   Reversed.

Argued before VAN WYCK, C. J., and SCHUCHMAN and O'DWYER, JJ.

Austin G. Fox, for appellant.

Abraham Kling, for respondent.

O'DWYER, J.   The action was brought to recover the value of certain merchandise sold and delivered by the plaintiff to the defendant, and the complaint contains two causes of action, separately stated and numbered.   The answer contains neither a general nor specific denial of any of the allegations of the complaint.   It contains certain alleged defenses and counterclaims, but, as these counterclaims were withdrawn on the trial, we are not called upon to determine whether the allegations therein contained stated facts sufficient to constitute a cause or causes of action.

The Code (section 500) provides that an answer must contain as follows:

"A general or specific denial of each material allegation of the complaint controverted by the defendant or of any knowledge or information thereof sufficient to form a belief."

"A statement of new matter constituting a defense or counterclaim in ordinary and concise language, without repetition."

Section 507 provides:

"Each defense or counterclaim must be separately stated and numbered."

Section 964 provides:

"An issue of fact arises in either of the following cases:  First. Upon a denial contained in the answer of a material allegation of the plaintiff's complaint."

In view of the above sections the answer must be divided into three parts, as follows:   First, a denial; second, a defense; third, a counterclaim.

Section 522 provides:

"Each material allegation of the complaint not controverted by the answer must, for the purposes of the action, be deemed admitted, and taken as true."

The allegations contained in the second paragraph or subdivision of the answer are affirmative statements of new matter, and under the Code, if sufficient, they constitute a defense, which the defendant must prove.

It is claimed that these affirmative statements amount to a denial, but, upon examination, we find that they are specifically addressed to the second paragraph or subdivision of the first cause of action set forth in the complaint; and, on examining the second paragraph of the complaint, it will be found to contain none of the allegations which are attempted to be denied. The allegations contained in the fourth paragraph of the answer, in regard to the delivery of the merchandise mentioned in the second cause of action, do not deny the allegations contained in the eighth paragraph of the complaint, either specifically or generally. It is a well-settled rule of pleading that no proof can be admitted in support of new matter contained in the answer which is inconsistent with an allegation in the complaint which is not denied. Beard v. Tilghman, 66 Hun, 12, 20 N. Y. Supp. 736; Fleischman v. Stern, 90 N. Y. 110. The answer containing neither a general nor a specific denial of any of the allegations of the complaint, the plaintiff's causes of action stood admitted without proof, and it was error for the court to dismiss the complaint, as it did, upon the ground that the plaintiff had failed to establish the causes of action set forth in the complaint. If the new matter alleged as constituting a defense and counterclaim was sufficient in law, then the defendant, under the pleadings, had the affirmative, and was bound to prove those defenses and counterclaims.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

