for respondent. No opinion. Judgment affirmed, with costs, on opinion of PRYOR, J., at special term. See 42 N. Y. Supp. 776.

VALDEZ, Respondent, v. TRADERS' & TRAVELERS' ACC. CO. OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. July 2, 1897.) Action by Adeliade H. Valdez against Traders' & Travelers' Accident Company of New York. Abel Cook, for appellant. Carl S. Petrasch, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

VAN ARSDALE, Respondent, v. KING, Appellant. (Supreme Court, Appellate Division, Second Department. June 15, 1897.) Action by William H. Van Arsdale against George King. No opinion. Order affirmed, with $10 costs and disbursements. See 33 N. Y. Supp. 858.

VAN VRANKEN et al., Appellants, v. VILLAGE OF GLENS FALLS, Respondent. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) Action by Benjamin Van Vranken and James Duell against the village of Glens Falls. No opinion. Order affirmed, with $10 costs and disbursements to abide the event. See 42 N. Y. Supp. 339.

VIETOR et al., Respondents, v. NICHOL et al., Appellants. (City Court of New York, General Term. April 28, 1897.) Action by George F. Vietor and another against George T. Nichol and others. Campbell & Murphy, for appellants. Blumenstiel & Hirsch, for respondents.

PER CURIAM. We think that the trial justice was right in directing a verdict in the favor of the plaintiffs, because the defendants' evidence presented no defense. Judgment affirmed, with costs.

WALKER, Respondent, v. JOHNSON, Appellant. (City Court of New York, General Term. May 29, 1897.) Action by Samuel Y. Walker against Reginald P. B. Johnson. E. Williams, for appellant. Quincy, Wendel & Robeson, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment entered upon a verdict rendered by a jury, and from an order denying the defendant's motion for a new trial on the judge's minutes. The complaint sets forth a cause of action for an agreed sum alleged to have been earned as real-estate brokerage. The answer denies the plaintiff's employment as broker; that the plaintiff agreed to pay the stipulated sum as brokerage; and that plaintiff was the procuring cause; and sets up an affirmative defense of fraud in the making of the agreement, constituting the plaintiff's cause of action. The issues thus raised were very minutely and exhaustively litigated at the trial, and faultlessly and fairly submitted to the jury by the judge's charge, who rendered a verdict in favor of the plaintiff. There is amply sufficient evidence in the case to sustain that verdict. I have read the whole case, and considered every exception specified on the appellant's brief, and none presents reversible error.

To the denials of the defendant's requests to charge at folios 259, 260, and 265 no exceptions were taken. Judgment and order affirmed, with costs.

WEEKS et al., Respondents, v. BRIGGS, Appellant. (Supreme Court, Appellate Division, Second Department. June 8, 1897.) Action by Charles L. Weeks and Benjamin Parr against Henry Briggs. No opinion. Judgment affirmed, with costs.

WEIER, Respondent, v. WILKENS et al., Appellants. (Supreme Court, Appellate Division, Second Department. April 26, 1897.) Action by Charles E. Weier against Peter Wilkens and Charles Buschmann. No opinion. Motion for reargument denied.

WETMORE v. STROMEYER. (Supreme Court, Appellate Division, First Department. May 7, 1897.) Action by Catherine F. Wetmore against Indiana V. Stromeyer. No opinion. Motion granted, with $10 costs.

WHITEHEAD BROS. CO., Respondent, v. SMACK, Appellant. (City Court of New York, General Term. May 11, 1897.) Action by the Whitehead Bros. Company against Robert Smack. James P. Allbright, for appellant. Baggott & Ryall, for respondent.

PER CURIAM. The plaintiff sued the defendant for the value of goods sold. Defendant in his answer claimed that he and one Ella McKinley were co-partners, and that she should have been made a party defendant. Six months after the service of the answer the plaintiff asked leave to serve an amended summons and complaint, making said McKinley a party defendant, and leave so to do was granted on payment of $20 costs, with leave to the defendant to answer or demur, and without prejudice to proceedings theretofore taken in the action. From the order so made this appeal is taken. The court certainly had the right to grant leave to amend, even after judgment, on reasonable terms being imposed. The object of the imposition of the costs is to compensate the attorney for the trouble and expense that such an amendment would subject him to; the amount of which compensation, of course, varies and depends upon the facts and circumstances surrounding the particular instance in question. In this instance we think that the terms imposed by the special term justice were just and reasonable to every one concerned, and therefore the order appealed from must be affirmed, with costs to the respondent.

WHITNEY, Respondent, v. BRITTON et al., Appellants. (Supreme Court, Appellate Division, First Department. April 23, 1897.) Action by Eliza A. Whitney against Helen M. Britton and others. John H. Clapp, for appellants. E. E. Baldwin, for respondent.

PARKER, J. The plaintiff, one of the two children of Elizabeth Lee, supposing that section 2653a of the Code authorized her to maintain a suit for the purpose of determining the validity of the will of said Elizabeth Lee, which devised and bequeathed to the defendants all the