(20 Misc. Rep. 674.)

## ALEXANDER LUMBER CO. v. ABRAHAMS.

(City Court of New York, General Term. July 2, 1897.)

1. PLEADING—AMENDMENT AFTER REVERSAL.

It is not an abuse of discretion to permit a defendant to serve an amended answer after plaintiff on appeal has procured a reversal of a judgment and an order for a new trial.

2. SAME—CONDITIONS.

Where defendant is permitted to file an amended answer after plaintiff has on an appeal procured a new trial, "with costs to the appellant to abide the event," he should be required to pay "the costs awarded the appellant on the appeal, and $10, costs of the motion"; and it is error to charge him with the payment of "$20 and the disbursements taxed on the appeal in this action."

Appeal from trial term.

Action by the Alexander Lumber Company against Levi Abrahams. From an order in favor of defendant, plaintiff appeals. Order modified.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

Theall & Ream, for appellant.

A. Kling, for respondent.

SCHUCHMAN, J. This is an appeal from an order "permitting defendant to serve an amended answer herein, upon payment of $20 and the disbursements taxed on the appeal in this action." The motion to amend the answer was made after the trial of the action, resulting in a dismissal of the complaint, and after an appeal by the plaintiff to the general term from the judgment entered on such dismissal, resulting in a reversal of the judgment, and granting a new trial, with costs to the appellant to abide the event. Lumber Co. v. Abrahams, 19 Misc. Rep. 425, 43 N. Y. Supp. 1139.

In Walter v. Mather, 10 Misc. Rep. 216, 31 N. Y. Supp. 111, the general term of this court held that:

"Where the action has once been tried, and the judgment reversed at the instance of the defendant, with costs to abide the event, the plaintiff will not be permitted to amend the complaint, except upon payment of all the costs to date."

In Ireland v. Railway Co., 8 N. Y. St. Rep. 127, the general term of the superior court held that:

"Where an action was once tried, and the judgment entered in favor of plaintiff, which was reversed on appeal to the general term, with costs to the appellant to abide the event, and a new trial ordered, at which new trial the defendant objected to the sufficiency of the complaint, and plaintiff was allowed to amend on payment of twenty dollars costs, held that the plaintiff should have been ordered to pay the costs awarded to the appellant on the appeal, and $10, costs of the motion, as the terms on which the amendment would be allowed."

From the above decisions we drew distinctions between the cases where judgment was reversed with costs to abide the event, which means to either one of the parties who is successful, and with costs to the appellant to abide the event.

We think the judge did not abuse his discretion in allowing the amendment herein, but should have allowed the same on payment of

the costs awarded to the appellant on the appeal.    It may be that the amendment allowed herein will result in a verdict in favor of the defendant, in which event the plaintiff, appellant, will lose the costs of an appeal in which he was successful.    We therefore amend the order appealed from herein by striking out the words, "$20 and the disbursements taxed on the appeal in this action," and substitute in the place thereof the words, "the costs awarded to the appellant on the appeal, and $10, costs of the motion"; and, as so modified, the order appealed from is affirmed, without costs.

P. S.    We have looked at Whitehead v. Smack, 20 Misc. Rep. 229, 45 N. Y. Supp. 1150, but in that case the motion to amend the complaint was made before trial.    It is therefore not agreeable to the facts in this.

VAN WYCK, C. J., concurs.