### In re REDMOND.

(Steuben County Court. August 16. 1907.)

1. HIGHWAYS—ESTABLISHMENT—LOCATION.

The decision of commissioners to lay out a road is sufficiently definite as to the starting point, the side lines, and the width; the application to the highway commissioner for the laying out of the road, and the petition to the court to appoint the commissioners, containing a survey of the proposed road by distances, degrees, and minutes, with every angle marked in some way, and the starting point described: "Beginning at a pile of stones in a clump of bushes on the south side of the highway running east and west past the M. schoolhouse, near a beech tree west of said schoolhouse. * * * The line of survey to be the center of the proposed highway which proposed highway shall be three rods in width"—and the decision containing such survey, though failing to state the width of the road and that the survey is to be the center line.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, § 113.]

2. EMINENT DOMAIN—AWARD OF DAMAGES—REVIEW.

The award of damages by commissioners for laying out a highway cannot be disturbed except for some error of law plainly manifest.

Application of W. J. Redmond to lay out and alter a highway in the town of Greenwood and assess the damages therefor. Jesse T. Atkins moves to vacate the decision of commissioners appointed for that purpose. Motion denied.

Crayton L. Early (James A. Parsons, of counsel), for the motion.
Silas Kellogg, opposed.

BURRELL, J. The commissioners appointed by the County Court have made and filed their decision by which the application is granted as to the portion of new highway requested to be laid out, but denied as to the alteration of the old highway requested. This motion is now made by Jesse T. Atkins through whose premises both roads pass to vacate and set aside the decision of the commissioners in toto on various grounds.

It is urged, first, that the decision of the commissioners is inadequate in law, in that the starting point of the proposed road is not definite, and that the description given in the decision only describes a line, with nothing to show whether it is the center of the road or one of its sides, and also that the commissioners failed to state the width of the proposed highway. The application presented to the highway commissioner requesting him to lay out the proposed highway, as well as the petition to the County Court for the appointment of the commissioners, contained a survey of the proposed highway by distances, degrees, and minutes, and the starting point is stated as follows, to wit:

"Beginning at a pile of stones in a clump of bushes, on the south side of the highway running east and west past the Mullen schoolhouse, near a beech stump west of said schoolhouse. * * * The line of survey to be the center of the proposed highway which proposed highway shall be three rods in width."

The decision of the commissioners contains exactly the same survey set forth in the application to the highway commissioner and in the petition presented to the County Court, but fails to state that the survey is to be the center line, and also fails to state the width. It would seem that the starting point given in the survey as set out in the decision of the commissioners is definite starting point, sufficient to designate the beginning of the highway, for taken in connection with the other marked points in the survey makes it definite and easy of ascertaining. It is, in effect, a stone monument, and the center of that monument is presumed, and this stone monument is situate by a clump of bushes, on the south side of the highway, near a beech stump, west of the Mullen schoolhouse. It is fair to presume that when the commissioners examined the proposed route, as they state in their decision that they did, they saw the schoolhouse, the clump of bushes, and beech stump and this pile of stones, so that they knew exactly where the starting point was and the direction the road was to extend from this pile of stones.

It is, however, urged that the stones might be removed or that a stake might be moved; but, when we bear in mind that every angle in the proposed road is marked in some way, and the distance and course from every angle back to the starting point is given, so that if this pile of stones, near the stump, should accidentally or in any way be removed, the starting point could be ascertained by following back the first course given in the description, which is from the pile of stones S. 53° E. 1,400 feet, to a stake, and all that would be required to find the starting point would be to measure it back N. 53° W. 1,400 feet from this stake and the point would be where the pile of stones should be found, it seems to me that the starting point complies with the law, and gives a certain, fixed starting point.

It is also urged that the commissioners failed to state the width of the proposed highway. In their decision they lay out the proposed highway, but refuse the alteration of the old highway, and, after setting forth the survey in their decision, they say as follows:

"The said proposed highway commences near the Mullen schoolhouse and extends in a southeasterly direction, following the route described in the petition until it strikes the Andover road," etc.

They thus refer in their decision to the route described in the petition, and the petition sets forth the width of three rods and also that the survey shall be the center line. It plainly seems to have been the intention of the commissioners to lay out the road described in the petition three rods in width, and it is a sufficient statement of the width and center line, referring as they do to the petition which contains it. In People ex rel. Wells v. Brown, 47 Hun, 459, the court says:

"The order did not state that the prescribed route was to be the center of the proposed road nor state the width contemplated, but it described the highway laid out in accordance with the application of Caleb Wells before referred

to, and which application did state the proposed course so adopted by the referees to be intended for the center of said proposed road. The description thus given is a sufficient compliance with the statute according to adjudicated authority and has reference to the object to be attained."

In the case at bar the decision of the commissioners goes further, and gives the actual survey of the road by degrees, minutes, and distances, starting at a definite point and ending at a definite point, and then, in addition, they give the general course of the proposed road along the route described in the petition, and the route described in the petition is three rods in width and the line of survey the center line, and seems to me to effectually dispose of the contention that the width is not stated.

Second. It is urged by counsel that the decision is illegal, in that it allows damages where no damages are asked, to wit, to John Mullen and Catharine Trainor $203. It is true that these parties offered no proof of damages to their land, but they did ask damages to cover the cost of building and maintaining fences and cattle passes, and the commissioners on viewing the premises and hearing the evidence of all parties decided that they were damaged in the sum of $203, and this court has no power to set aside those damages. People ex rel. Hanford v. Thayer, 88 Hun, 137, 140, 34 N. Y. Supp. 592. The County Court cannot arbitrarily set aside an award made by commissioners, unless some error of law is plainly manifest. The commissioners in assessing damages are to be guided by their own judgment as they view the premises, and can better estimate the amount of damages sustained than a court sitting in review of their action. Matter of Carpenter, 11 Misc. Rep. 690, 32 N. Y. Supp. 826; In re Public Parks, 53 Hun, 280, 6 N. Y. Supp. 750; In re Main Street, 25 N. Y. Supp. 267, 71 Hun, 611. The commissioners have evidently given the matter very careful attention and consideration, and have evidently taken in, which they had a right to do, the cost of building and also the probable cost of maintaining the fences for a term of years, as well as the building of suitable cattle passes for which they have provided, and no error of law has been committed, and I see no reason to disturb their decision in that respect.

It is also urged by counsel that inasmuch as the commissioners failed to alter the old highway, as requested in the petition, but have laid out the proposed new road and also left the old road, that the lands of Jesse T. Atkins affected by both roads were damaged in a greater amount than allowed by the commissioners, and that the proof of damages given on behalf of Mr. Atkins was offered on the theory that the new road should be laid out and the old road taken up, and that, had he been aware that such was the intention of the commissioners, his proof of damages would have been different. There has been a large number of affidavits presented in opposing this motion, and in those affidavits it is stated that the damages given to Mr. Atkins by the commissioners was ample for any loss sustained by him by virtue of either or both roads. Indeed, Mr. Atkins himself gave evidence before the commissioners as to the damages sustained by him with the old road left and not taken up, as well as with it taken up, and similar evidence was given in his behalf by at least one other witness. So it

would seem that the question of laying out the new and leaving the old road had been brought up before the commissioners early in the proceedings. It also appears by the affidavits that there was an agreement or at least a request to the commissioners on the part of the interested parties, including Mr. Atkins, who was present, that in case the commissioners decided to lay out the new road that the old road should be left, and this was requested of the commissioners at their last meeting on the closing of the evidence before them. I have examined the evidence very carefully, and find that the same is overwhelmingly in favor of leaving the old road in any event. The commissioners, in view of this evidence, as well as the request of the parties interested, have decided to leave the old road and refuse the alteration in that respect.

The commissioners visited the premises of Mr. Atkins, viewed the proposed alteration of the old road, the proposed new road, heard all of the testimony of the parties, including the evidence offered by Mr. Atkins, as to any damages suffered by him with the old road left and with the old road taken up, and have fixed the amount of his damages at $140. It is certainly no fault of the commissioners if Mr. Atkins chose to offer no further proof along this line. And I can see no reason for sending it back to the commissioners for a further hearing on the question of Mr. Atkins' damages as we are asked to do, when he had his day in court and every opportunity to offer any evidence he desired on the question of damages.

The weight of evidence is in favor of the necessity of the highway, and the proceedings seem to have been conducted in substantial conformity to the law, and all interested persons had ample opportunity to be heard on all questions before the commissioners.

The motion to vacate and set aside the decision of the commissioners should be denied, with costs.

Motion denied, with costs.